Aaron M. GLENN, Appellant,

v.

FARMLAND FOODS, INC., A Corporation, and Steve Tierney, Appellees.

No. 83–451.

Supreme Court of Iowa.

Feb. 15, 1984.

MacDonald Smith and LeRoy J. Sturgeon of Smith & Smith, Sioux City, for appellant.

F. David Eastman of Law Offices of Walter C. Schroeder, Mason City, for appellee Farmland Foods, Inc.

Philip S. Deats and Thomas C. Whitesell of Whitesell Law Firm, Iowa Falls, for appellee Steve Tierney.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, McCORMICK, and WOLLE, JJ.

REYNOLDSON, Chief Justice.

Plaintiff, Aaron M. Glenn, brought this tort action against his employer and a co-employee, alleging their "gross negligence amounting to wanton neglect" caused a work-related injury. Trial court, dismissing count I of plaintiff's petition, against his employer, found it had no subject matter jurisdiction. The court dismissed count II of plaintiff's petition, against the co-employee, pursuant to Iowa Rule of Civil Procedure 215.1. We affirm.

August 11, 1980, plaintiff Glenn filed a petition in district court seeking damages from his employer, Farmland Foods, Inc., and from a supervisory co-employee, Steve Tierney. The petition alleged defendant Tierney knowingly ordered plaintiff to do work that aggravated an already existing back injury. Plaintiff sought both actual and punitive damages from each defendant.

The employer filed a responsive pleading denominated "ANSWER OF FARMLAND FOODS, INC." Although it began "COMES NOW, Farmland Foods, Inc., . . . and *for separate answer* to the Petition filed by the Plaintiff states," it was signed "WALTER C. SCHROEDER, ATTORNEY FOR THE DEFENDANTS." (Emphasis added.) As noted in division II, below, plaintiff's attorney incorrectly assumed from this signature that defendant Tierney had been served and was appearing in the case.

In its answer, Farmland pleaded the exclusive jurisdiction of the industrial commissioner over employees' actions seeking redress for work-related injuries. The district court agreed and dismissed Farmland from the case on July 6, 1981. That dis-

missal forms the first ground for plaintiff's appeal.

■ I. Iowa Code section 85.20 makes the injured employee's right to workers' compensation his exclusive remedy against his employer. It states in pertinent part as follows:

85.20. Rights of employee exclusive. The rights and remedies provided in this chapter, ... for an employee on account of injury, ... for which benefits under this chapter ... are recoverable, *shall be the exclusive and only rights and remedies of such employee*, the employee's personal or legal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury, ... *against:*

1. *his or her employer;* or

2. any other employee of such employer, provided that such injury, ... arises out of and in the course of such employment and is not caused by the other employee's gross negligence amounting to such lack of care as to amount to wanton neglect for the safety of another.

(Emphasis added.)

This remedy limitation is buttressed by Code section 85.3, which requires "every employer, ... [to] provide, secure, and pay compensation" and in return relieves each employer "from other liability for recovery of damages or other compensation."

We consistently have interpreted these sections as prohibiting an employee from suing his or her employer for damages. *See Steffens v. Proehl*, 171 N.W.2d 297, 300 (Iowa 1969); *Jansen v. Harmon*, 164 N.W.2d 323, 326 (Iowa 1969); *Fabricius v. Montgomery Elevator Co.*, 254 Iowa 1319, 1321, 121 N.W.2d 361, 362 (1963); *Bradshaw v. Iowa Methodist Hospital*, 251 Iowa 375, 387, 101 N.W.2d 167, 174 (1960).

Plaintiff, however, contends these cases were nullified by a 1974 amendment to the workers' compensation law. We disagree. The 1974 amendment acted primarily to define the status of co-employees, making them statutorily immune from suit except in cases of "gross negligence." *See* 1974 Iowa Acts ch. 1111. The statutory immunity remained unchanged for employers; the amendment created no new cause of action against the employer flowing from an allegation of co-employee gross negligence. Our interpretation is supported both by the language of the present statute and by its legislative history. When introduced, the legislation was designated "AN ACT to provide that the right to workmen's compensation shall be the exclusive remedy to an employee against his employer or fellow employee." *Id.* The floor amendment allowing suit against a grossly negligent co-employee said nothing about lifting the employer's immunity in such situations. In *Larimer v. Raque Manufacturing Co.*, 498 F.Supp. 37, 38 (S.D.Iowa 1980), a federal case arising well after the 1974 amendments, the court described Iowa's law thusly:

By statute and case law, jurisdiction of the subject matter of cases between employers and employees for injuries arising out of and in the course of employment is exclusively in the Industrial Commission, and the District Court has no jurisdiction of the subject matter of such cases. ... Thus, coverage under the Workers' Compensation Act provides a special defense to the employer in suits by the employee.

*See also Harned v. Farmland Foods, Inc.*, 331 N.W.2d 98, 99–100 (Iowa 1983).

Plaintiff's argument based on Code section 85.22 is similarly without merit. That section allows an action in tort against a legally liable third party and provides for indemnification of the employer or his insurer from the proceeds of the suit:

85.22. Liability of others—subrogation. When an employee receives an injury ... for which compensation is payable under this chapter, ... and which injury ... is caused under circumstances creating a legal liability against some person, other than his or her employer or any employee of such employer as provided in section 85.20 to pay damages, the employee, or the employee's depend-

ent, or the trustee of such dependent, may take proceedings against the employer for compensation, and the employee or, in case of death, the employee's legal representative may also maintain an action against such third party for damages. When an injured employee or the employee's legal representative brings an action against such third party, a copy of the original notice shall be served upon the employer by the plaintiff, not less than ten days before the trial of the case, but a failure to give such notice shall not prejudice the rights of the employer, . . . .

Plaintiff argues this section supports his theory that section 85.20 permits suit against the employer as well as against the third party, here the alleged grossly negligent co-employee. Section 85.22, however, clearly negates such interpretation. While the employee is empowered to "maintain an action against such third party *for damages*," he "may take proceedings against the employer [only] *for compensation*." (Emphasis added.) Additionally, the statute requires a plaintiff-employee to serve his or her employer with notice of the tort suit at least ten days before trial. Such a provision would be redundant if the employer could be made a codefendant in the suit, requiring notice at its outset.

"Where . . . the language of the statute is clear and plain there is no room for construction, and the sole function of this court is to apply the statute according to its terms," *Hinders v. City of Ames*, 329 N.W.2d 654, 655 (Iowa 1983) (citations omitted). The workers' compensation statute clearly and plainly bars plaintiff's tort suit against his employer. We thus affirm trial court's dismissal of defendant Farmland.

■ II. Iowa Rule of Civil Procedure 215.1 requires all cases on file for more than one year by July 15 to be tried by January 1 of the next year. August 13, 1982, the clerk of court sent plaintiff's attorney the try-or-dismiss notice required by the rule. The latter then contacted attorney Schroeder, whom he incorrectly believed to be acting for the defendant co-employee, Tierney. He then learned for the first time this defendant had never been served. Service on Tierney finally was effected on December 1, 1982. The latter responded by filing a motion to dismiss based on plaintiff's receipt of the try-or-dismiss notice. Plaintiff then sought a continuance of his action against Tierney, or alternatively, its reinstatement following the inevitable January 1, 1983, dismissal. He asserted he had taken immediate steps to rectify the lack of service on Tierney and explained his district court inactivity resulted from his simultaneous pursuit of his workers' compensation remedy.

Trial court correctly denied Tierney's motion to dismiss, see *Baty v. City of West Des Moines*, 259 Iowa 1017, 1026, 147 N.W.2d 204, 210 (1966) ("Rule 215.1 was intended to be a shield, not a sword."). The court's denial of plaintiff's motion for continuance or reinstatement forms the second ground for plaintiff's appeal.

■ "[T]he matter of a continuance is addressed to the sound legal discretion of the [trial] court," *Crouch v. Randolph*, 213 N.W.2d 673, 678 (Iowa 1973), and absent a showing "that such discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable," *State v. Morrison*, 323 N.W.2d 254, 256 (Iowa 1982), this court will not interfere. We consistently have defined "abuse of discretion" as "an erroneous conclusion and judgment, one clearly against logic and effect of facts and circumstances before the court, or the reasonable, probable and actual deductions to be drawn therefrom." *Department of General Services v. R.M. Boggs Co.*, 336 N.W.2d 408, 410 (Iowa 1983); *Morrison*, 323 N.W.2d at 256; *Best v. Yerkes*, 247 Iowa 800, 816, 77 N.W.2d 23, 32 (1956). Viewing plaintiff's total inactivity against rule 215.1's purpose "to clear the docket of dead cases and to assure the *timely and diligent* prosecution of those cases which should be brought to a conclusion," *Brown v. Iowa District Court*, 272 N.W.2d 457, 458 (Iowa 1978) (emphasis added), we cannot say that trial court's denial

of a continuance fell without the broad abuse of discretion standard. We, therefore, affirm trial court's ruling on that issue.

■ III. Although plaintiff's request for a continuance is directed to the sound discretion of the trial court, his request for reinstatement of a dismissed action *must* be granted if plaintiff can show that his dismissal resulted from "oversight, mistake or other reasonable cause," Iowa R.Civ.P. 215.1. *See Rath v. Sholty,* 199 N.W.2d 333, 335 (Iowa 1972). In *Rath,* we noted that we are bound by trial court's findings of fact in reviewing its refusal to reinstate a case, but we are not bound by its interpretation of those facts against the "oversight, mistake or other reasonable cause" standard. We defined that standard in *Rath* as one of "excusable neglect ... *not* gross neglect or willful procrastination," *id.* at 336.

Trial court in this case found sixteen months of total inactivity on plaintiff's part following dismissal of plaintiff's action against Farmland. We must now assess that sixteen months of silence against the mandatory reinstatement standard contained in the rule.

As "[t]he list of ... cases interpreting rule 215.1 is not long," *Greene v. Tri-County Community School District,* 315 N.W.2d 779, 781 (Iowa 1982), the parameters of our analysis can best be defined by comparing *Rath* (reinstatement mandatory) with *Wharff v. Iowa Methodist Hospital,* 219 N.W.2d 18 (Iowa 1974) (reinstatement neither mandatory nor required in the exercise of trial court's discretion). In *Rath,* plaintiff's attorney had the case ready for trial but sought a continuance when an additional lawyer was added. Four months later he received his try-or-dismiss notice, after which he diligently sought a trial assignment. Dismissal resulted only because counsel failed to seek a continuance, relying instead on the court's assurance he would secure the needed trial date. Thus, plaintiff exercised the "reasonable diligence" which the rule was intended to ensure, *Baty,* 259 Iowa at 1023, 147 N.W.2d

at 208. In *Wharff,* plaintiff made no response to defendant's successful motions for more specific statements and for production of documents. He persisted in his inaction despite receipt of a try-or-dismiss notice. The inevitable dismissal of his case followed seven months of total inactivity.

We agree with district court that this plaintiff's lack of prosecution more closely parallels the inactivity in *Wharff* than the frustrated diligence in *Rath.* Plaintiff did nothing following dismissal of his action against his employer; he did not even realize that Tierney had never been served. He did file a trial certificate three months after receipt of the try-or-dismiss notice, but he presumably could have moved for trial much earlier had he given the case prompt attention upon receiving the notice.

Although we repeatedly have said that "courts prefer a trial on the merits," *Hobbs v. Martin Marietta Co.,* 257 Iowa 124, 129, 131 N.W.2d 772, 775 (1964), we also have confined that preference to "expeditious [trials] ... under settled rules of procedure," *id.* at 133, 131 N.W.2d at 777–78; *Windus v. Great Plains Gas,* 255 Iowa 587, 600, 122 N.W.2d 901, 909 (1963). We must balance the tension between the goal of protecting each plaintiff's day in court, and the "useful purpose" of rule 215.1 in preventing unnecessary delays and compelling expeditious determinations of the issues, *see McKinney v. Hirstine,* 257 Iowa 395, 397, 131 N.W.2d 823, 824 (1964). "Whatever hardship might be suffered by an occasional litigant whose suit is thus lost is more than compensated by the general good that results from the impetus provided by the rule," *Greene,* 315 N.W.2d at 781.

We hold plaintiff has not shown the required "reasonable cause" for his sixteen months of total inactivity in district court. Therefore, we affirm trial court's refusal to reinstate plaintiff's action.

AFFIRMED.