Debra A. SLADEK, Appellant,

v.

G & M MIDWEST FLOOR CLEANING, INC.; Charles White; and Charles Dubois, Appellees.

No. 86–455.

Supreme Court of Iowa.

April 15, 1987.

Joseph C. Johnston of Joe Johnston Law Firm, Iowa City, for appellant.

Ronald M. Rankin and Michael F. Lacey, Jr. of Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, Des Moines, for appellees.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, WOLLE, and LAVORATO, JJ.

WOLLE, Justice.

Iowa Rule of Civil Procedure 215.1 provides for dismissal of civil actions that have not been prosecuted with reasonable dispatch. The last paragraph of the rule permits the district court to grant relief from dismissal when an application for reinstatement is filed within six months of dismissal and the applicant demonstrates satisfactory grounds for reinstatement. Twice the plaintiff Debra A. Sladek filed motions asking the district court to reinstate this tort action, first when the case had been dismissed pursuant to the rule itself and again that same year when a second dismissal resulted from her failure to comply with the first reinstatement order. The defendants challenged the district court's authority to reinstate the case after the second dismissal, while the plaintiff contended that the case should be reinstated either as a matter of right or in the exercise of the district court's sound discretion. The district court held that it had the authority to reinstate the case but then refused to do so, finding that the plaintiff had not established satisfactory grounds for reinstatement. We affirm.

## I. *Background Facts.*

Plaintiff was allegedly injured when she slipped and fell at her place of employment on August 20, 1982. She commenced this law action for damages against defendants on June 15, 1983. By January of 1984 the defendants had filed answers, the plaintiff had filed a jury demand, and the parties had exchanged discovery requests and served deposition notices. The court file reflects no further activity between that time and January 8, 1985, when the case was first dismissed for lack of prosecution in accordance with rule 215.1.

On January 22, 1985 the plaintiff moved for reinstatement in accordance with the last paragraph of rule 215.1 which provides:

> The trial court may, in its discretion, and shall upon a showing that such dismissal was the result of oversight, mistake or other reasonable cause, reinstate the action or actions so dismissed. Application for such reinstatement, setting forth the grounds therefor, shall be filed within six months from the date of dismissal.

Defendants resisted the motion, but the district court found that the plaintiff had established grounds for reinstatement.

The district court order entered on February 15, 1987 provided

> that this case is reinstated and said case shall be tried or otherwise disposed of prior to August 5, 1985, or shall stand automatically dismissed.

The plaintiff did not take the steps necessary to bring the case to trial or other disposition by the deadline of August 5. Plaintiff contends this was solely for the reason given in the affidavit of her counsel which was filed with her second request for reinstatement:

> When this case was reinstated in February I was in court out of county. I was informed by phone that the case was reinstated. The order was then filed in the client file and it did not occur to me to examine it further. I always believed that it was reinstated without qualification.

The plaintiff argues this oversight of her attorney gave her an absolute right to reinstatement pursuant to the provision for mandatory reinstatement in the last paragraph of rule 215.1. Plaintiff's backup position is that the district court should have exercised discretion to reinstate her action because her counsel had engaged in activity relating to discovery and settlement negotiations between the date when the first reinstatement order was filed and the deadline of August 5 fixed by that order.

Defendants in response argue that the automatic dismissal on August 5, 1985 was a final order not subject to reinstatement under rule 215.1. Defendants also vigorously dispute the plaintiff's contention there was much "meaningful activity" between February 15 and August 5, 1985, arguing that plaintiff has not satisfied any ground set forth in rule 215.1 for reinstatement.

The district court denied reinstatement and explained its rationale when ruling on the plaintiff's motion for expanded findings of fact and conclusions of law pursuant to Iowa Rule of Civil Procedure 179(b):

> The Court, after considering the chronological list filed in the form of an affidavit, finds that the record in this case shows a lack of meaningful and substantive activity on the part of plaintiff's counsel and that such lack of activity was not the result of any "oversight, mistake, or other reasonable cause"; but, rather, appears to this Court to be the result of neglect on behalf of plaintiff's counsel.

> It is therefore this Court's conclusion that plaintiff is not entitled to a discretionary reinstatement because the record, including the allegations of plaintiff's chronology and the affidavit of plaintiff's counsel shows a lack of any meaningful activity and shows a complete lack of effort on plaintiff's counsel to actively seek a trial date, even after plaintiff's cause of action was once dismissed and once before reinstated.

We first address the defendants' contention that the district court was without authority to reinstate the case, then the plaintiff's contention that she was entitled to have the case reinstated either as a matter of right or in the exercise of the district court's sound discretion.

## II. Authority to Reinstate Under Rule 215.1.

Defendants urge us to draw a sharp line of distinction between the two dismissals in this case—the first brought about by the clerk's notice pursuant to rule 215.1 and the second resulting from the so-called try-or-dismiss reinstatement order. They contend that the last paragraph of rule 215.1 authorizing reinstatement applies only to the dismissal that follows the required 215.1 notice sent by the clerk of court, not to the dismissal which follows a separate order of continuance or reinstatement. Defendants urge us to read the phrases "such dismissal" and "such reinstatement" in rule 215 so narrowly as to refer exclusively to the first dismissal of a case under rule 215.1, not to a subsequent dismissal that would follow an order of continuance or reinstatement. The district court rejected that rigid interpretation of the rule and so do we.

When a case subject to rule 215.1 is either continued or reinstated following dismissal for lack of prosecution, the case is

not removed from the operation of rule 215.1 but is simply given a later deadline for trial or other disposition. *See Miller v. Bonar*, 337 N.W.2d 523, 526 (Iowa 1983) (continuance merely moved mandatory dismissal date back six months); *Brown v. Iowa Dist. Court*, 272 N.W.2d 457, 458 (Iowa 1978) ("If the order continuing the case is not complied with, the case stands dismissed."); *Johnson v. Linquist*, 184 N.W.2d 681, 682–83 (Iowa 1971) (district court has discretion to reinstate action automatically dismissed under orders granting earlier continuances). The order continuing or reinstating the case merely holds the dismissal in suspension on certain conditions which, if not met, result in automatic dismissal. *Allied Gas & Chem. Co. v. Federated Mut. Ins. Co.*, 365 N.W.2d 26, 31 (Iowa 1985); *Rhiner v. Arends*, 292 N.W.2d 399, 401 (Iowa 1980). Obviously, then, the order continuing or reinstating a case subject to rule 215.1 remains an integral part of the implementation and operation of that rule, and the automatic dismissal pursuant to such an order should be subject to the reinstatement provision in the last paragraph of the rule. We hold that when the six-month time limitation is satisfied, the district court has authority to reinstate a case that has been dismissed for lack of prosecution, both when the dismissal resulted directly from a rule 215.1 notice sent by the clerk of court and when the dismissal was a self-fulfilling provision in an order that had earlier continued or reinstated the case.

The district court correctly rejected the defendants' contention that it was without authority to consider reinstatement of the plaintiff's dismissed action.

## III. *The Refusal to Reinstate.*

Rule 215.1 is written with both mandatory and discretionary grounds for reinstatement. *See* 2 A. Vestal and P. Willson, *Iowa Practice* § 44:04, at 374 (1984 rev.). The object and purpose of the rule is "to discourage dilatory tactics and require 'reasonable diligence' to see that court actions are brought to trial promptly...." *Baty v. City of West Des Moines*, 259 Iowa 1017, 1022–23, 147 N.W.2d 204, 208 (1966); *see*

*Glenn v. Farmland Foods, Inc.*, 344 N.W.2d 240, 244 (Iowa 1984).

A. Plaintiff contends the trial court's refusal to reinstate this action infringed her right to reinstatement under the rule's mandatory language: "The trial court ... shall upon a showing that such dismissal was the result of oversight, mistake or other reasonable cause, reinstate the action or actions so dismissed." To support reinstatement under this portion of the rule, plaintiff relies heavily on *Rath v. Sholty*, 199 N.W.2d 333 (Iowa 1972), where we found the circumstances mandated reinstatement. We first pointed out that the trial court's factual findings are binding on us if supported by substantial evidence in the record, although the ultimate determination whether the factual situation constitutes "oversight, mistake or other reasonable cause" presents a question of law. *Id.* at 336. We explained that "oversight" is similar to excusable neglect but is not gross neglect or willful procrastination. *Id.* We held in *Rath*, on essentially undisputed facts, that the plaintiff was entitled to reinstatement because his lawyer was "diligently seeking a trial assignment of this cause, not a continuance," and "the judge indicated he was retaining the burden of letting counsel know about the assignment." *Id.* at 337. The plaintiff in *Rath* thereby established that the dismissal resulted from an oversight and that he had exercised reasonable diligence in attempting to bring the case to trial.

The circumstances in *Rath* were unlike the facts in this case. In *Rath*, the plaintiff was seeking assignment of the case for trial. Here the plaintiff had not undertaken to obtain a trial date and was not ready for trial even though the case had been dismissed and reinstated many months earlier. The trial court accurately concluded that there had been a "lack of any meaningful activity" and "a complete lack of effort on plaintiff's counsel to actively seek a trial date." Much of the activity plaintiff referred to in her second application for reinstatement was not adequately documented. Much of the activity consisted of actions undertaken by defend-

ants' counsel. Plaintiff's brief candidly discloses that as late as December of 1985, when defendant's counsel thought another dismissal was imminent, plaintiff was seeking not to try the case but merely to obtain a further continuance past January. The district court did not overlook the plaintiff's allegation of "oversight" but wisely looked beyond that factor and based its ruling on the extent to which the plaintiff had undertaken sufficient meaningful activity to comply with the spirit and purpose of rule 215.1. The oversight claimed by plaintiff did not cause dismissal, it merely caused plaintiff's counsel to delay by five months her filing of one more request for continuance.

The first paragraph of rule 215.1 mandates that litigants exercise "reasonable diligence" in prosecuting civil actions. A person seeking a continuance to avoid a rule 215.1 dismissal must either prove one of the six exceptional circumstances separately listed in the rule (none of which here applies) or must prove that the case has not been processed to final disposition notwithstanding "the exercise of reasonable diligence." A person, like plaintiff here, who has failed to seek a continuance and attempts to reinstate a dismissed case must certainly prove no less. *See Glenn*, 344 N.W.2d at 244; *Baty*, 259 Iowa at 1022–23, 147 N.W.2d at 208. To establish the right to reinstatement she requested under the mandatory portion of rule 215.1, the plaintiff was required to demonstrate both "oversight, mistake or other reasonable cause" and "the exercise of reasonable diligence." Rule 215.1, after all, was designed not to produce a stream of continuances or requests for reinstatement but to produce activity that fairly and promptly moves cases to trial or other final disposition.

Plaintiff has not demonstrated that she was entitled to a reinstatement of her action under the mandatory portion of rule 215.1.

B. We turn to the plaintiff's contention that the district court should have granted the discretionary reinstatement she requested in the alternative. The district court does have the authority to reinstate a dismissed case even if dismissal was not a result of "oversight, mistake or other reasonable cause," but as with the mandatory portion of the rule a prerequisite to reinstatement is the plaintiff's showing of reasonable diligence. The district court has a duty to exercise discretion in considering any application to reinstate. *Johnson*, 184 N.W.2d at 683. The district court should measure any discretionary reinstatement by the policies described in *Glenn*, 344 N.W.2d at 244:

> We must balance the tension between the goal of protecting each plaintiff's day in court, and the "useful purpose" of rule 215.1 in preventing unnecessary delays and compelling expeditious determinations of the issues....

The plaintiff has pointed to no special circumstances, however, that suggest the trial court abused its discretion in denying reinstatement. Plaintiff essentially makes the same arguments for discretionary reinstatement that she has presented in her unsuccessful bid for a mandatory reinstatement.

We find the district court exercised sound discretion in denying the plaintiff's second motion for reinstatement.

AFFIRMED.