**Timothy J. O'BRIEN and Janet O'Brien, Appellants,**

**v.**

**Rattvum V. MULLAPUDI, James E. Spoden and the Finley Hospital, Appellees.**

**No. 85–1186.**

Supreme Court of Iowa.

May 13, 1987.

Gary S. Gill, Des Moines, for appellants.

Mark A. Woollums and Ralph D. Sauer of Betty, Neuman & McMahon, Davenport, for appellee Mullapudi.

Charles E. Miller and Thomas D. Waterman of Lane & Waterman, Davenport, for appellee Spoden.

David L. Hammer and Stephen C. Krumpe of O'Connor & Thomas, P.C., Dubuque, for appellee The Finley Hosp.

Considered by McGIVERIN, P.J., and LARSON, CARTER, WOLLE and LAVORATO, JJ.

McGIVERIN, Justice.

The question in this case is whether the district court erred in refusing to reinstate plaintiffs' lawsuit after it was dismissed for want of prosecution under Iowa Rule of Civil Procedure 215.1. Our court of appeals reversed the district court, holding reinstatement was mandatory under the circumstances of this case. We disagree and vacate the decision of the court of appeals and affirm the order of the district court.

I. *Background facts and proceedings.* This is a medical malpractice action filed by plaintiffs Timothy and Janet O'Brien against two doctors who treated Timothy, defendants Rattvum Mullapudi and James Spoden, and the hospital where treatment occurred, defendant The Finley Hospital. Treatment occurred in mid-April 1981. This action was commenced on April 1, 1983, approximately ten days prior to the running of the statute of limitations on O'Briens' claims.

Defendants timely filed answers to the petition. During 1983 defendants served written interrogatories on O'Briens. Plaintiffs were up to eight months delinquent in filing answers to interrogatories, filing one set of answers only after having been compelled by court order to do so.

Following the last filing of answers to defendants' interrogatories on January 27, 1984, the next action reflected by the court file is service on counsel for all parties of a rule 215.1 "try or dismiss" notice by the clerk of court on August 10, 1984. On January 2, 1985, O'Briens filed an application for continuance of the case to avoid rule 215.1 dismissal. The district court determined the dismissal was automatic under the rule as of January 1 and denied O'Briens' motion due to lack of jurisdiction over the case; the clerk of court entered the notation of dismissal of O'Briens' case on January 18.

On June 18, O'Briens filed a written application for reinstatement of their action. *See* Iowa R.Civ.P. 215.1. The district court, following oral argument on the application, denied plaintiffs' application.

O'Briens appealed this order and we transferred the case to the court of appeals. *See* Iowa R.App.P. 401. A divided court concluded reinstatement under the circumstances of this case was mandatory and reversed the district court's denial of reinstatement.

Upon application of defendants, we granted further review of the court of appeals decision. *See* Iowa R.App.P. 402. Defendants argue the court of appeals erred in reinstating plaintiffs' case when the evidentiary showing did not mandate reinstatement and the district court did not abuse its discretion in refusing to reinstate the case.

II. *Reinstatement of a case dismissed under rule 215.1.* The purpose of rule 215.1 is to promote expeditious trial of cases on the merits by clearing the docket of dead cases and assuring "the timely and diligent prosecution of those cases that should be brought to a conclusion." *Brown v. Iowa Dist. Court,* 272 N.W.2d 457, 458 (Iowa 1978). The reinstatement provisions of rule 215.1 ease the plight of the dismissed plaintiff by allowing the party back into court on a proper showing under the rule. *Doland v. Boone County,* 376 N.W.2d 870, 873 (Iowa 1985).

Rule 215.1 enumerates two bases on which to reinstate a case dismissed under that rule.[1] Mandatory reinstatement is required upon a showing that the dismissal was a result of oversight, mistake or other reasonable cause; otherwise, the district

---

1. Rule 215.1, last unnumbered paragraph, reads:
   The trial court may, in its discretion, and shall upon a showing that such dismissal was the result of oversight, mistake or other reason-able cause, reinstate the action or actions so dismissed. Application for such reinstatement, setting forth the grounds therefor, shall be filed within six months from the date of dismissal.

court in its discretion may reinstate the dismissed action. Iowa R.Civ.P. 215.1. A prerequisite to either type of reinstatement is a showing by plaintiffs of reasonable diligence in preparing and pursuing the case for trial. *Sladek v. G & M Midwest Floor Cleaning, Inc.*, 403 N.W.2d 774, 777 (Iowa 1987). The burden is on the movant to prove an adequate reason for reinstatement. *Wharff v. Iowa Methodist Hosp.*, 219 N.W.2d 18, 22 (Iowa 1974).

We set out the rules for our review of the district court's reinstatement decision in *Rath v. Sholty*, 199 N.W.2d 333 (Iowa 1972). A review of a mandatory reinstatement determination is

> not de novo, as in equity, but as in a law proceeding. It follows that trial court's findings of fact and inferences inherent therein are binding upon this court if supported by substantial evidence. Whether the facts and inferences found constitute "inadvertence," "mistake" or "other reasonable cause" is not a factual but a legal question on review. We have held trial court's interpretation of its findings becomes a question of law which is not conclusive on appeal.

*Rath*, 199 N.W.2d at 336 (citations omitted); *see Glenn v. Farmland Foods, Inc.*, 344 N.W.2d 240, 244 (Iowa 1984).

■ If a case is not eligible for mandatory reinstatement, the district court in its discretion may allow reinstatement of a plaintiff's action. We will not overturn the district court's action absent an abuse of discretion. *Wharff*, 219 N.W.2d at 25.

We now turn to the crux of this appeal, whether or not the circumstances of this case warranted a mandatory or discretionary reinstatement of plaintiffs' case pursuant to rule 215.1.

A. *Mandatory reinstatement.* Defendants argue O'Briens have not made an adequate showing of oversight, mistake or other reasonable cause to justify mandatory reinstatement. Conversely, O'Briens assert that they made an adequate showing for reinstatement; thus, the court cannot withhold mandatory reinstatement.

We have had several opportunities to review a party's showing of grounds for mandatory reinstatement. In *Rath v. Sholty*, 199 N.W.2d 333 (Iowa 1972), plaintiff's case had been set for trial. The case was continued and counsel spoke with the judge on four occasions during the fall of 1970 about reassigning the case for trial. The judge said he would "let him know" about a trial date. On January 6, 1971, plaintiff's case was dismissed pursuant to rule 215.1. Five days later, counsel filed an application to reinstate the case. *Id.* at 335. Plaintiff's counsel testified at the reinstatement hearing. He stated that he relied on his conversations with the judge about setting a trial date and, while busy with other matters, the date for seeking a continuance to avoid a rule 215.1 dismissal slipped his mind. *Id.* at 336. The district court ruled that counsel had not made a credible showing of grounds for mandatory reinstatement. We reversed that court, concluding a proper showing of oversight and excusable neglect was made by plaintiff's counsel.

In *Wharff v. Iowa Methodist Hospital*, 219 N.W.2d 18 (Iowa 1974), plaintiff's petition for medical malpractice was filed three days before the statute of limitations ran. Defendants filed numerous motions challenging plaintiff's petition. Plaintiff's counsel did little to prepare the case for trial. On January 3, 1972, plaintiff's case was dismissed. *Id.* at 20. Over four months later new counsel for plaintiff filed an application for reinstatement of the case. The district court ruled on the application without oral argument; it had for consideration only plaintiff's verified application for reinstatement, defendants' unverified resistance and the pleadings in the case. The court noted no action had been taken on the case by plaintiff's counsel for nine months preceding the dismissal. *Id.* at 22–23. Counsel argued his mistake or error should not be a basis for dismissal of his client's claim. We summarized language from our cases under Iowa Rule of Civil Procedure 236, involving motions to set aside defaults, in reviewing Wharff's appeal:

> A defendant's ignoring a notice under circumstances showing no more than ex-

cuse, plea, apology, extenuation, or explanation for failure to timely appear is not sufficient to overturn a default. . . . Accident or excusable neglect where the defendant has a *good faith intent to defend* will justify setting aside a default.

*Id.* at 22 (emphasis added & citations omitted). We agreed with the district court's conclusion that there was insufficient evidence to prove plaintiff's dismissal was the result of oversight, mistake or other reasonable cause.

Sixteen months of silence by plaintiff's attorney culminated in a rule 215.1 dismissal of plaintiff's case in *Glenn v. Farmland Foods, Inc.*, 344 N.W.2d 240 (Iowa 1984). Counsel asserted, in his application for reinstatement, that he did not realize one of the defendants had not been served and the attorney was busy during the sixteen-month period pursuing the workers' compensation claim of plaintiff on the same facts. *Id.* at 243–44. We affirmed the trial court's refusal to reinstate plaintiff's case.

Our court of appeals reinstated a plaintiff's petition in the case of *In re Estate of Bearbower*, 376 N.W.2d 922 (Iowa App. 1985). Although the docket showed seven months of inactivity, the court recognized plaintiff's attorney was diligent in preparing the case for trial during that time. Counsel had interviewed witnesses, attempted to select an expert and worked on structuring a settlement during the six months. *Id.* at 923, 925. He promptly filed an application for reinstatement following the rule 215.1 dismissal of the case, stating an oversight in his law office management had resulted in the time for seeking a continuance slipping past. *Id.* The court determined there was sufficient proof of oversight to grant reinstatement.

*Dolezal Commodities, Inc. v. City of Cedar Rapids Airport Commission*, 387 N.W.2d 572 (Iowa 1986), presented another setting in which mandatory reinstatement was warranted. The filing of the corporate plaintiff's petition was followed by both parties' use of discovery procedures. During the pendency of the action, the corpora-tion and its majority owner filed bankruptcy petitions in federal court. The state court case was dismissed pursuant to rule 215.1 on the heels of the bankruptcy filings. *Id.* at 574. Two months after the dismissal, plaintiff filed an application for reinstatement. We acknowledged the argument of plaintiff's counsel, highlighting the likelihood of oversight or mistake occurring as a result of uncertainty concerning the status of the state court action during the bankruptcy proceedings; therefore, we affirmed the district court's reinstatement of plaintiff's petition.

We upheld the reinstatement of another plaintiff's case in *Gold Crown Properties, Inc. v. Iowa District Court*, 375 N.W.2d 692 (Iowa 1985). A complex process of setting the case for trial followed by continuances plagued this action. The parties were vigorously preparing the case for trial. *Id.* at 694–95. The district court denied one defendant's motion for a rule 215.1 dismissal because the court had sua sponte continued the action and the plaintiff then proved that its reliance on defendant's notification of the court administrator of a proposed settlement led to a mistake in pursuing another continuance. We noted the case was not "the typical case of neglected pursuit on the plaintiff's part." *Id.* at 699.

In plaintiffs' unverified application to reinstate the present case, they made the naked assertion that the late filing of their application for continuance to avoid a rule 215.1 dismissal was due to oversight and mistake on the part of plaintiffs' counsel, caused by his involvement in other cases. No affidavits were filed nor was evidence introduced at the hearing on the reinstatement application to support this assertion nor to show diligent preparation for and pursuit of the case by plaintiffs. There was no action shown by plaintiffs for eleven months between their compelled answers to defendants' interrogatories and the untimely filing of their motion for a continuance to attempt to avoid a rule 215.1 dismissal.

The recurring theme in our mandatory reinstatement decisions is that a plaintiff's

case should be reinstated if there is a showing by the movant that the attorney had been diligently pursuing the case and preparing it for trial but simply overlooked the rule 215.1 deadline. This theme is consistent with the showing required for a continuance under the first paragraph of rule 215.1. "A person, like plaintiff here, who has failed to seek a continuance and attempts to reinstate a dismissed case must certainly prove no less" than reasonable diligence or a circumstance sufficient for a rule 215.1 continuance. *Sladek*, 403 N.W.2d at 778. This requirement is in addition to the showing of oversight, mistake or other reasonable cause warranting a mandatory reinstatement. In effect, plaintiff must show he would have been entitled to a continuance, if one had timely been requested, in order to prevail on his motion to reinstate a case dismissed under rule 215.1.

We conclude, as did the district court, that plaintiffs failed to show diligence in preparing the case for trial. The court of appeals stated plaintiffs' untimely filing of a motion for continuance evidenced their good faith and intent to pursue the action. We have held, however, that even the timely filing of a motion for continuance is not enough to bar a 215.1 dismissal. The motion must be taken under advisement or ruled upon prior to the rule 215.1 deadline to avoid automatic dismissal. *Doland v. Boone County*, 376 N.W.2d 870, 873 (Iowa 1985). Thus we give no weight to the untimely application for continuance.

Plaintiffs also did nothing to support their bald assertion that counsel missed the dismissal date due to oversight or mistake. The application for reinstatement was not verified, *see* Iowa Rule of Civil Procedure 80(c)(formerly rule 80(b)); no affidavits were filed; and counsel did not testify at the hearing on the application. *Cf. Williamson v. Casey*, 220 N.W.2d 638 (Iowa 1974) (Defendants claimed they missed the filing date for their answer by two days due to a misconstruction of an original notice. The motion to set aside the default judgment was not accompanied by an affidavit and no testimony was presented at the hearing on the motion to support their explanation. We held there was not a sufficient showing to sustain a motion to set aside the default.).

This case more closely resembles the total inactivity for several months in *Wharff* and *Glenn*, rather than the frustrated diligence of plaintiff's counsel in *Rath* and *Gold Crown Properties*. O'Briens failed to make a proper showing that their failure to seek a rule 215.1 continuance was a result of mistake, oversight or other reasonable cause and that they had exercised reasonable diligence in preparing their case for trial; therefore, plaintiffs were not entitled to mandatory reinstatement of their case under rule 215.1.

B. *Discretionary reinstatement.* Upon plaintiff's failure to prove grounds for mandatory reinstatement, the district court then must consider a discretionary determination concerning reinstatement. In making this determination, the court must consider whether plaintiff or his counsel has shown reasonable diligence in preparing and pursuing the case for trial. *Sladek*, 403 N.W.2d at 777. The lack of activity by plaintiff's counsel in *Wharff* supported the district court's denial of discretionary reinstatement. 219 N.W.2d at 25.

■ Similar inactivity marks this case. The district court pointed out that plaintiffs have shown a pattern of delaying or putting off filings until the last minute or until compelled by the court. At the same time, the allegations stand against defendants and, in the event the case was reinstated and plaintiffs get a judgment against defendants, prejudgment interest will have run against defendants for the entire delay caused by plaintiffs. In the spirit of the purposes of rule 215.1, we conclude the district court did not abuse its discretion in denying plaintiffs' application for reinstatement.

III. *Disposition.* Because we hold (1) there was no showing by competent evidence by plaintiffs of reasonable diligence in preparing and pursuing the case for trial and that the dismissal was the result of oversight, mistake or other reasonable

cause such as to mandate reinstatement of the case, and (2) the district court did not abuse its discretion in refusing to reinstate the case, we vacate the decision of the court of appeals and affirm the judgment of the district court.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.