BERKLEY INTERNATIONAL CO., LTD., and Berkley and Company, Inc., Appellees,

v.

Francis P. DEVINE, Appellant.

Francis P. DEVINE, Appellant,

v.

BERKLEY INTERNATIONAL CO., LTD., and Berkley and Company, Inc., Appellees.

No. 86–1361.

Supreme Court of Iowa.

May 11, 1988.

Rehearing Denied June 15, 1988.

Donald J. Hemphill of Hemphill Law Office, Spencer, for appellant.

Roger J. Magnuson and Amy J. Ihlan of Dorsey & Whitney, Minneapolis, Minn., and W.E. Kunze, Spirit Lake, for appellees.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, LAVORATO, and ANDREASEN, JJ.

SCHULTZ, Justice.

The dispositive issue in this case is whether a district court ruling denying a joint application to continue an action beyond the automatic dismissal date of Iowa Rule of Civil Procedure 215.1 (dismissal for want of prosecution) precludes the granting of an application to reinstate the dismissed action. In ruling on defendant's motion to reinstate his counterclaims under the rule, the district court reinstated the entire action including plaintiffs' claims even though plaintiffs had not made a timely request for reinstatement. Because we hold that the doctrine of issue preclusion applies and reverse the order reinstating the action on that basis, we do not address the question of whether an entire action may be reinstated on the motion of one party to reinstate its claims.

On January 8, 1979, Berkley International Company, Ltd., and Berkley and Company, Inc. (Berkley) filed a petition against Francis P. Devine claiming that Devine had acted improperly in the management of plaintiffs' Taiwan plant. Devine's challenge to the jurisdiction of the Iowa District Court was rejected in *Berkley International Co. v. Devine*, 289 N.W.2d 600 (Iowa 1980). Devine then filed an answer and asserted a counterclaim against plaintiffs for abuse of process, intentional infliction of emotional distress, tortious interference with business relationships, and breach of his employment contract.

The actions first became subject to automatic dismissal under Iowa Rule of Civil Procedure 215.1 when the clerk of court gave notice to the parties on August 13, 1982, that the case would be subject to dismissal if not tried prior to January 1, 1983. In response to applications and stipulations of the parties, the district court entered various orders continuing the action until a final order was issued that the case stood dismissed if it was not tried before December 31, 1984.

On December 21, 1984, the parties filed a joint application for a continuance of the action until June 30, 1985. On the same date the district court entered a ruling which reviewed in chronological order the filings that had occurred during the previous six-year period and concluded that there had not been a timely and diligent prosecution of the case. The court indicated that after March 1981, the only documents filed were a notice of deposition in

March 1983 and the various matters concerning automatic dismissal under rule 215.1. It also noted twenty-eight months had elapsed since the clerk's original try-or-dismiss notice and that a certificate of readiness was not on file. The court acknowledged that other proceedings had caused delay and that additional problems were caused by discovery and the geographic location of parties and witnesses.

The court denied the joint application to continue this matter past December 31, 1984. Plaintiffs and defendant immediately sought vacation and reconsideration of the court's ruling. These applications expanded on the grounds stated in the motion for continuance and submitted additional material for the requested continuance, however, the court refused to continue the case. On January 2, 1985, the clerk of court entered a notice of dismissal and taxation of court costs to the parties. Defendant appealed and plaintiffs cross-appealed from the denial of the application for continuance and the subsequent dismissal. Defendant's appeal was voluntarily dismissed on May 23, 1985, and the plaintiffs' cross-appeal was voluntarily dismissed on June 21, 1985.

In addition to providing a means for automatic dismissal of an action for want of prosecution, rule 215.1 provides authority for reinstatement of dismissed cases as follows:

> The trial court may, in its discretion, and shall upon a showing that such dismissal was the result of oversight, mistake or other reasonable cause, reinstate the action or actions so dismissed. Application for such reinstatement, setting forth the grounds therefor, shall be filed within six months from the date of dismissal.

On the last day of the sixth-month period for reinstatement, Devine filed an application for reinstatement of his counterclaims. He predicated his application upon grounds nearly identical to those previously presented to the court in the joint application to continue and in the separate applications for reconsideration. These grounds involved the scope and complexity of the litigation, the preparation required, and a denial of inactivity. A few days later, after the time for reinstatement had expired, plaintiffs filed a resistance to Devine's application, and in the alternative, asked the court to reinstate the entire case including their own claims. The district court ordered plaintiffs' claims and defendant's counterclaims reinstated on defendant's timely application. Defendant appealed the reinstatement of plaintiffs' claims and plaintiffs cross-appealed the reinstatement of defendant's counterclaims.

■ During appellate arguments, Devine's counsel acknowledged that this appeal was interlocutory. He requested that we exercise our discretion to permit the appeal even though neither party had filed a formal request for interlocutory appeal. Berkley's counsel did not resist this oral motion. We agree to permit the appeal under Iowa Rule of Appellate Procedure 2(a).

On appeal the parties raise two basic issues. First, plaintiffs maintain that defendant's voluntary dismissal of his appeal from the court's refusal to continue was an adjudication of his claims. Second, defendant maintains that the district court did not have authority to reinstate plaintiffs' claims because their application was untimely.

I. *Dismissal of appeal.* Plaintiffs claim that the district court lacked authority to reinstate defendant's counterclaims. In the district court plaintiffs had resisted defendant's application to reinstate, stating that the court "has no jurisdiction in this matter and the entire matter has been finally adjudicated with prejudice." Plaintiffs appear to challenge the court's subject matter jurisdiction on grounds of the prior disposition of the motion to continue the action. We believe this raises two matters.

■ A. *Subject matter jurisdiction.* There is no merit in plaintiffs' contention that the district court lacked jurisdiction to rule on the motion for reinstatement. Subject matter jurisdiction ordinarily means the power and authority to hear and determine a case of the general class to which the proceeding belongs. *See Rerat Law*

*Firm v. Iowa Dist. Court,* 375 N.W.2d 226, 230 (Iowa 1985). The last paragraph of rule 215.1 expressly provides the district court with authority to reinstate a case dismissed under the rule upon timely application. Iowa Rule of Appellate Procedure 12(f), which provides that a voluntary dismissal of an appeal "shall constitute a final adjudication with prejudice" does not take away the court's authority to hear a motion for reinstatement even though the appeal from the order denying a continuance was voluntarily dismissed. At most, this language may provide an affirmative defense to an action recommenced.

■ B. *Issue preclusion.* We now address plaintiffs' broad assertion that defendant's counterclaims had been adjudicated. On appeal, plaintiffs urge that when defendant voluntarily dismissed his appeal, the issues raised on appeal were adjudicated with prejudice and cannot be relitigated. In addition to disagreeing with this contention, defendant maintains that these appellate contentions were not raised at the trial level.

■ We conclude that plaintiffs preserved error when they raised the issue of prior adjudication with prejudice. Plaintiffs' contention that the matter was "adjudicated" invokes the doctrine of res judicata. *See* Black's Law Dictionary 1470 (rev. 4th ed. 1968) (defining "res judicata" as "a thing judicially acted upon or decided"). For several years this court has used the term "issue preclusion" to refer to a specific area within the generic historical term "res judicata," and has defined issue preclusion "to mean that further litigation on a specific issue is barred." *Israel v. Farmers Mut. Ins. Ass'n of Iowa,* 339 N.W.2d 143, 146 (Iowa 1983). Thus, the issue of whether the prior denial of the joint motion for continuance precluded reinstatement of the action is properly before us.

■ The elements of issue preclusion are well established:

(1) The issue concluded must be identical;

(2) The issue must have been raised and litigated in the prior action;

(3) The issue must have been material and relevant to the disposition of the prior action; and

(4) The determination made of the issue in the prior action must have been necessary and essential to the resulting judgment.

*Id.* (citing *Aid Ins. Co. (Mut.) v. Chrest,* 336 N.W.2d 437 (Iowa 1983) and *Hunter v. City of Des Moines,* 300 N.W.2d 121, 123 (Iowa 1981)). It is an affirmative defense and the burden to establish it is on the party asserting it. *Bloom v. Steeve,* 165 N.W.2d 825, 827 (Iowa 1969).

We first examine the continuance and reinstatement applications to determine whether they contain an identical issue. The identification of an identical issue is apparent when we view the policy of rule 215.1 and our own pronouncements concerning the required proof under the rule. The first sentence in rule 215.1 declares its policy is "the exercise of reasonable diligence" in bringing cases to trial within one year. To avoid dismissal, rule 215.1 expressly requires that "satisfactory reasons for want of prosecution or grounds for continuance be shown by application and ruling thereon," subject to exceptions not present here. We have interpreted this rule to require that a person seeking a continuance must prove that the case was not tried within the prescribed time because of reasons other than the failure to exercise reasonable diligence. *Sladek v. G & M Midwest Floor Cleaning, Inc.,* 403 N.W.2d 774, 778 (Iowa 1987). In reinstatement cases we have also required proof of diligence by saying that "[a] person, like plaintiff here, who has failed to seek a continuance and attempts to reinstate a dismissed case must certainly prove no less." *Id.* We have also specifically stated that a prerequisite to either a mandatory or a discretionary reinstatement "is a showing by plaintiffs of reasonable diligence in preparing and pursuing the case for trial." *O'Brien v. Mullapudi,* 405 N.W.2d 815, 817 (Iowa 1987) (citing *Sladek*). In both a continuance application and a reinstatement application an identical showing of diligence in preparing a case for trial must

be made. Thus, the first requirement of issue preclusion has been met.

As to the remaining three elements of issue preclusion, the ruling denying continuance clearly indicates that each has been satisfied in this case. The joint application for continuance raised the diligence issue by alleging that the parties "have worked diligently in an attempt to prepare the main case and the counterclaim for trial." The issue of diligence is also material. We have already stated that a showing of diligent prosecution of a case is required to obtain a continuance beyond the automatic dismissal date of rule 215.1. Thus, the issue is not only material and relevant but its determination is required when a continuance is sought. In its order denying continuance the court expressly stated that "timely and diligent prosecution of this case has not been accomplished."

We conclude that all four elements of issue preclusion have been established. The material issue of reasonable diligence in preparing and pursuing the case for trial was raised and determined in the prior action. We conclude that none of the exceptions to the general rule of issue preclusion are present here. *See* Restatement (Second) of Judgments § 28 (1982). While the prior action was a motion, a ruling on a litigated motion may serve as a basis for issue preclusion. *See Kraft v. El View Const., Inc.,* 394 N.W.2d 365, 367–68 (Iowa 1986).

By applying to the court for reinstatement of his counterclaims, defendant was seeking to relitigate the issue of diligence in preparing and pursuing the case for trial. Plaintiffs properly raised and proved the defense of issue preclusion. The trial court committed error in granting defendant's application.

II. *Reinstatement of plaintiffs' claims.* Defendant resisted plaintiffs' application for reinstatement on the ground that the application was untimely. In view of our ruling that defendant was precluded from seeking reinstatement of his own counterclaims, we need not reach this contention. Plaintiffs' application to reinstate their claims was merely a request for alter-

nate relief in the event the counterclaims were reinstated. By this ruling, we refuse to allow reinstatement of the counterclaims. The alternative relief sought need not be considered.

In summary, we reverse the ruling of the district court in reinstating defendant's counterclaims and plaintiffs' petition.

REVERSED.