# IN THE COURT OF APPEALS OF IOWA

No. 16-0536
Filed July 6, 2017

**JOHN ROGER SHEPHERD,**
          Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
          Respondent-Appellee.
_____

          Appeal from the Iowa District Court for Linn County, Ian K. Thornhill,
Judge.

          The applicant appeals the district court's refusal to reinstate his application
for postconviction relief after it was dismissed for lack of prosecution.
**AFFIRMED.**

          Geneva L. Williams of Williams Law Office, P.L.L.C., Cedar Rapids, for
appellant.

          Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant
Attorney General, for appellee State.

          Considered by Danilson, C.J., Bower, J., and Goodhue, S.J.*

          *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**GOODHUE, Senior Judge.**

John Roger Shepherd's postconviction-relief action was dismissed by application of Iowa Rule of Civil Procedure 1.944(2). Shepherd sought reinstatement under rule 1.944(6), but reinstatement was denied by the trial court. Shepherd appeals from the denial of his petition for reinstatement. We affirm.

### I. Background Facts and Proceedings

On March 19, 2008, Shepherd filed for postconviction relief, challenging his 2006 conviction for a third or subsequent offense of operating while intoxicated. By Shepherd's own account, as stated in his brief, a series of thirteen attorneys had been appointed to represent him, and all but the last one had withdrawn, primarily at the request of Shepherd. Again by Shepherd's own account, thirteen motions to continue had been requested and granted. Relief from the automatic dismissal under rule 1.944(2) had been regularly granted until the August 10, 2015 dismissal notice was sent and the dismissal date arrived.

At the time the notice was sent, the matter was set for trial on September 24, 2015. Ryan Tang, Shepherd's counsel at the time, requested the September 24 trial date be continued. Tang requested the continuance, asserting he had made many attempts to contact Shepherd but Shepherd had only recently responded and, because of new information, Shepherd communicated to Tang that additional time to prepare was necessary. The motion to continue did not request relief from rule 1.944(2). The court granted the motion to continue but stated good cause warranting a continuance had not been provided and further stated, "The court does not have the judicial resources

on the date currently set for trial to try this case as scheduled and for that reason alone the court grants petitioner's motion to continue trial." On October 8, 2015, a trial scheduling order was filed setting the matter for trial on September 1, 2016. By operation of rule 1.944(2), the matter was dismissed on January 8, 2016.

Tang filed a motion for reinstatement on January 20, 2016. The motion did not allege or assert the matter was dismissed as the result of oversight, mistake, or other reasonable cause. Tang appeared by telephone, but Shepherd did not appear. Tang asserted that he had mailed a notice of the hearing to Shepherd but it had come back. He further asserted he would have tried to call Shepherd but believed he did not have either a valid address or current telephone number. The court refused to reinstate Shepherd's postconviction-relief claim. Shepherd asserts that his postconviction counsel was ineffective and also asserts that the court abused its discretion in denying the application for reinstatement.

## II.     Error Preservation

An exception to the traditional error preservation rule exists when a claim of ineffective assistance of counsel is asserted. *State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010).

## III.     Standard of Review

When a constitutional issue, such as a claim of ineffective assistance of counsel is invoked, the matter is reviewed de novo. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). When a matter has been dismissed as a result of oversight, mistake, or other reasonable cause, reinstatement is to be granted.

Iowa R. Civ. P. 1.944(6). Otherwise, reinstatement is within the discretion of the court. *Id.* An abuse of discretion exists only when the grounds or reasons are clearly untenable or to an extent clearly unreasonable. *State v. Long*, 814 N.W.2d 572, 576 (Iowa 2012).

### IV. Discussion

To prevail on a claim of ineffective assistance of counsel, the claimant must prove by a preponderance of the evidence that: (1) counsel failed to perform an essential duty and (2) prejudice resulted. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). For prejudice to be present requiring relief, there must be a determination that but for the ineffective assistance there is a reasonable possibility that the result would have been different. *Id.* at 145.

Counsel failed to request relief from the automatic dismissal contained in rule 1.944(2). Such a failure has been held to not only constitute a breach of an essential duty but to also constitute a structural error effecting the entire proceeding. *Lado v. State*, 804 N.W.2d 248, 251 (Iowa 2011). When there is a structural error in the proceeding, there is no need to prove that there is a reasonable probability the result would have been different absent ineffective assistance of counsel. *Id.* at 253. A structural error occurs when the error is not simply an error in a legal proceeding but an error that effects "the framework within which the trial proceeds." *Id.* at 252. Such an error takes place when counsel is completely denied, actually or constructively, at a crucial stage of a proceeding. *Id.* When counsel has been specifically advised by the court that the case is subject to rule 1.944, no timely motion to obtain relief from the rule is filed, and no motion to reinstate is filed, a structural error exists. *Id.* at 252-53.

In the *Lado* case, structural error was held to exist, but it presented a factual situation which can be easily differentiated from the case under consideration. In the case at hand, counsel did file a motion for reinstatement, and it is the denial of that motion that has been appealed. Secondly, the court considering the continuation of the September 24, 2015 trial date stated succinctly that good cause did not exist to continue the trial date. The court did not advise counsel relief from rule 1.944 must be obtained or the matter would be dismissed, as in *Lado*, but to the contrary implied such relief would not be granted. The State had objected to the continuance of the trial date and also objected to the motion for reinstatement. There is no reason to think the trial court would have once again granted relief from a rule 1.944 dismissal, even if a request had been made. Generally, counsel is not considered ineffective for failing to pursue what would be a fruitless endeavor. *State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011).

Furthermore, Shepherd's failure to advise counsel of his current location or a method for counsel to contact him both before the September 24 trial date, as well as before the motion to reinstate was to be heard, indicate a lack of interest or cooperation with his counsel and at least suggested Shepherd had abandoned his case. Finally, Shepherd's suggestion of an additional or new defense immediately prior to the September 24 trial date also indicates his lack of interest or cooperation with counsel. In assessing claims of ineffective assistance of counsel, misconduct of the party is examined, as well as that of his attorney. *State v. Rice*, 543 N.W.2d 884, 888 (Iowa 1996).

Rule 1.944(6) permits the court to reinstate a case in its discretion when none of the specified exceptions have been established. In exercising its discretion, the court must consider whether the plaintiff or his counsel has shown reasonable diligence in pursuing the case for trial. *O'Brien v. Mullapudi*, 405 N.W.2d 815, 819 (Iowa 1987). The court's reasons for not granting reinstatement are within the court's discretion and are not untenable or clearly unreasonable. When a case reflects a pattern of delaying, the denial of a discretionary reinstatement is appropriate. *Id.* Considerable discretion is accorded trial courts when considering reinstatement of a case dismissed under rule 1.944(2). *Werkmeister v. Kroneberger*, 262 N.W.2d 295, 296 (Iowa 1978).

Regardless of whether counsel was or was not ineffective, there is no reasonable probability that in the absence of his failure the result would have been different. In ruling on the motion to reinstate, the court stated,

> But it seems to me whether we call this an automatic dismissal for just want of prosecution because it's been around for eight years and hasn't gone or whether we call this a hearing on whether you should get relief from that—the dismissal as if you had timely filed beforehand, I don't see any reason to keep this case around. It's been drug out for this many years.

This statement, plus the order granting the continuance of the September 24, 2015 trial date, make it clear that an application to suspend the automatic dismissal of rule 1.944(2) would have been denied even if timely made.

The motion to reinstate Shepherd's case was denied within the discretion of the trial court and its action in doing so is affirmed.

**AFFIRMED.**