Noe SANCHEZ and Leanna
Sanchez, Appellants,

v.

Wendell KILTS, Individually and as Sheriff of Dickinson County, Iowa; Jim Meyeredirk, Individually and as Deputy Sheriff of Dickinson County, Iowa; Merle Dodds, Individually and as Deputy Sheriff of Dickinson County, Iowa; Robert Bringle, Individually and as Deputy Sheriff of Dickinson County, Iowa; Michael Workman, Individually and as Deputy Sheriff of Dickinson County, Iowa; Thomas Loebach, Individually and as Deputy Sheriff of Dickinson County, Iowa; and Dickinson County, Iowa, Appellees.

No. 89–149.

Court of Appeals of Iowa.

May 24, 1990.

David R. LaFontaine of Lewis and Stevens, P.C., Muscatine, for appellants.

Francis Fitzgibbons and Harold W. White of Fitzgibbons Brothers, Estherville, for appellees.

Considered by DONIELSON, P.J., and HAYDEN and SACKETT, JJ.

DONIELSON, Presiding Judge.

Claiming he was denied medical assistance while jailed and that such denial resulted in the partial amputation of his leg, plaintiff Noe Sanchez and his wife Leanna filed suit against several members of the Dickinson County Sheriff's Department. Their action was eventually dismissed pursuant to Iowa Rule of Civil Procedure 215.1.

As is common of appeals involving rule 215.1, the procedural history of this case is lengthy and complicated. The court will attempt to simplify this matter by listing only those docket entries relevant to disposition of this matter.

October 2, 1985 Petition filed.

August 7, 1987 First strike notice sent to plaintiffs—Try or Dismiss by January 1, 1988.

September 10, 1987 Application to Withdraw filed by plaintiffs' attorneys.

October 3, 1987 Plaintiffs' consented to withdrawal by attorneys.

October 6, 1987 Withdrawal granted.

December 7, 1987 Plaintiffs filed pro se motion for rule 215.1 continuance.

December 10, 1987 Defendants filed resistance to motion for continuance.

December 28, 1987 Attorney Hoefer filed limited appearance to argue plaintiffs' motion for rule 215.1 continuance.

December 28, 1987 Rule 215.1 continuance granted and trial set for July 12, 1988.

February 16, 1988 Application to withdraw filed by Attorney Hoefer.

March 18, 1988 Court order allowed withdrawal of appearance by Attorney Hoefer.

July 1, 1988 Clerk of Court sent erroneous notice of rule 215.1 dismissal to plaintiffs.

July 6, 1988 Clerk of Court sent rescission of July 1, 1988, notice and clarified matter was still pending until July 12, 1988.

July 11, 1988 Attorney LaFontaine filed appearance on plaintiffs' behalf for limited purpose of filing a motion for continuance.

July 11, 1988 Plaintiffs filed motion for continuance pursuant to rule 215.1 to avoid dismissal on July 12, 1988.

July 11, 1988 Court ordered continuance of trial to the fifth trial session of 1988 or whatever date may be fixed by the Third Judicial District Court Administrator.

July 14, 1988 Rule 215.1 strike notice issued to plaintiffs—Try or Dismiss by January 1, 1989.

August 2, 1988 Pretrial conference held—no trial date set.

November 9, 1988 Plaintiffs filed motion for continuance.

November 14, 1988 Pretrial conference held.

November 14, 1988 Defendants filed resistance to motion for continuance.

November 16, 1988 Pretrial order filed scheduling October 11, 1989, trial. Notation on order refers to the pending motion for a continuance and defendants' resistance.

November 28, 1988 Plaintiffs' response to defendants' resistance was filed. Hearing held on plaintiffs' motion for continuance. Attorney LaFontaine did not appear due to inclement weather. Attorney Narey did appear at Mr. LaFontaine's request.

December 6, 1988 Court denied plaintiffs' motion for continuance.

December 15, 1988 Plaintiffs filed motion to reconsider.

December 16, 1988 Hearing held on motion to reconsider.

December 30, 1988 Motion to reconsider denied.

January 3, 1989 Case dismissed pursuant to rule 215.1.

January 11, 1989 Plaintiffs filed motion to reinstate.

January 23, 1989 Hearing held on motion to reinstate.

April 7, 1989 Motion to reinstate denied.

A review of the record reveals the extent of formal discovery made in this case includes interrogatories filed by defendants on October 23, 1985, and answers filed in response by plaintiffs on December 6, 1985, and January 2, 1986. Plaintiffs' ability to advance the progress of the case was apparently impeded by Noe Sanchez's incarceration in prison from approximately July 1986 to July 1987.

On appeal, plaintiffs contend the trial court erred in denying their motion to continue, refusing to reconsider its denial of a continuance, and in denying their motion to reinstate. After careful consideration of plaintiffs' claims, we affirm.[1]

I. *Rule 215.1 Principles.* Rule 215.1 (the try-or-dismiss rule) addresses a clear public need. It has been determined dismissal is the only effective antidote for the tendencies which allow cases to become stale. *Greif v. K–Mart Corp.*, 404 N.W.2d 151, 153 (Iowa 1987).

The purpose of rule 215.1 is to assure the timely and diligent prosecution of cases on the docket. *Miller v. Bonar*, 337 N.W.2d 523, 526 (Iowa 1983). Our supreme court has set forth the policy concerns which are addressed by rule 215.1.

No one disputes that protracted delay in case processing is antithetical to the interests of justice. The longer the delay, the more memories fade, and the more likely it becomes that the resolution of the dispute will be unsatisfactory. More than that, a long-delayed result, even if correct, is of less benefit than it should be to the prevailing party, and it does more harm than would be necessary to

---

1. In reviewing this case, this court was distressed by plaintiffs' failure to support their statement of the case with appropriate references to the record or appendix. Iowa R.App.P. 14(a)(4).

the losing party. Our commitment to rule 215.1 is a strong one.

*Greif,* 404 N.W.2d at 153. Whatever hardship might be suffered by an occasional litigant whose suit is thus lost is more than compensated by the general good that results from the impetus provided by the rule. *Greene v. Tri–County Community School Dist.,* 315 N.W.2d 779, 781 (Iowa 1982).

▇▇▇▇ Dismissal under rule 215.1 is automatic and needs no order of dismissal. *Fankell v. Schober,* 350 N.W.2d 219, 222 (Iowa App.1984). The operation of rule 215.1 is not discretionary with the trial court, but the court does have discretion to grant continuances for just cause upon timely applications. *Miller,* 337 N.W.2d at 526. An order continuing a case to a date certain does not remove the case from the operation of rule 215.1; it merely moves the mandatory dismissal date to the date certain. *See id.* If a plaintiff does nothing, the case is dismissed by operation of law on the date certain. *Id.* A subsequent continuance may be obtained to avoid automatic dismissal on the date certain. *See id.*

The responsibility for keeping a case alive must rest squarely on the shoulders of the party seeking to avoid dismissal. *Greif,* 404 N.W.2d at 154. It is a party's responsibility, not the court's, to obtain an order of continuance before the automatic dismissal occurs. *Id. But see, Holland Bros. Constr. v. Dep't of Transp.,* 434 N.W.2d 902, 904 (Iowa App.1988) (recognition of duties carried out by court administrators and reliance thereon by attorneys).

▇▇▇ II. *Effect of the July 12th Order.* Plaintiffs contend the July 14, 1988, strike notice and the January 3, 1989, notice of dismissal were erroneously sent in light of the court's order of July 12, 1988, which continued the action until a trial date to be set by the court administrator. Relying on *Prochaska v. Iowa State Univ.,* 433 N.W.2d 302 (Iowa 1988), they argue the July 12th order removed the case from the effects of rule 215.1. Plaintiffs contend the July 12th order left the court unable to later deny them a continuance even if they did file a motion for a continuance on November 9, 1988.

From our review of the record, it is apparent plaintiffs' action was automatically dismissed on July 12, 1988, despite a court order on the 11th indicating the contrary. In material part, rule 215.1 provides that grounds for continuance must "be shown by application and ruling thereon after notice and *not ex parte.*" (Emphasis added).

The record in this case reveals plaintiffs knew on December 28, 1987, that they had been granted a rule 215.1 continuance until July 12, 1988, yet it was not until July 11, 1988, that they sought a continuance from the July 12th trial date. The trial court, in a ruling dated July 11, 1988, and filed July 12, 1988, granted the motion stating, "Because this is the leadoff jury case to commence trial on July 12, 1988, the court shortens time for ruling and considers the motion."

The proof of service stamped on plaintiffs' motion indicates they mailed a copy of the motion to defendants on Thursday, July 7, 1988. Defendants filed no resistance to the motion which is not surprising given the brief time span which elapsed between the filing of the motion and the court's ruling. Apparently no hearing was held on plaintiffs' motion and any ruling by the court was ex parte.

Rule 215.1 mandates a continuance may not be granted without notice or ex parte. The trial court's continuance in this matter was ex parte and thus invalid. Plaintiffs' action was automatically dismissed on July 12, 1988.

Plaintiffs' decision to file their motion only a day before the dismissal date effectively foreclosed them from obtaining a continuance under rule 215.1. Our supreme court has previously recognized a plaintiffs' application for a continuance must have been taken under advisement to avoid automatic dismissal on the rule 215.1 dismissal date. *Doland v. Boone County,* 376 N.W.2d 870, 873 (Iowa 1985). The gist of that decision is that plaintiffs must file their applications early enough to ensure the courts will have the opportunity to take them "under advisement" before the dis-

missal date. We conclude plaintiffs have a similar affirmative duty to file their motions early enough to ensure courts are not forced to rule on the applications ex parte or absent notice to the other parties. *Cf. Miller*, 337 N.W.2d at 526–27 (defendants not prejudiced by not being given ten days to resist motion for rule 215.1 continuance where rehearing was granted and resistance was considered).

■ Just as the formalities which precede a rule 215.1 dismissal must be strictly observed, *Greene*, 315 N.W.2d at 782, the requirements for obtaining a continuance must be substantially complied with as well. *See Vinson v. Linn–Mar Community School Dist.*, 360 N.W.2d 108, 115 (Iowa 1984) (substantial compliance with rule 215.1 would render continuance valid).

Plaintiffs' extreme delay in seeking a continuance rendered their attempt futile because it made an ex parte ruling inevitable if the court hoped to rule before the dismissal date. The trial court's decision to "shorten the time" for ruling on plaintiffs' motion effectively foreclosed defendants from resisting it even though additional time is allowed to respond to notice served by mail. Iowa R.Civ.P. 83(b). Plaintiffs' inability to acquire trial counsel is no excuse for their late filing, as they had previously demonstrated an ability to file a pro se motion for a continuance in December 1987. An ex parte continuance is prohibited by both rule 215.1 and rule 182(b), and plaintiffs' action was dismissed on July 12, 1988.

■ Rule 215.1 is jurisdictional. *See Fankell*, 350 N.W.2d at 222 (unless a trial court's jurisdiction is preserved under this rule by a timely application and court-ordered continuance, the court cannot do anything but dismiss the case). Contrary to plaintiffs' assertion in their reply brief, defendants' failure to challenge the court's jurisdiction after it rendered the July 12th continuance is not a waiver of the issue or binding upon this court. *Cf. Greene*, 315 N.W.2d at 781 (parties' failure to challenge erroneous rule 215.1 notice did not preclude court from finding notice ineffective). We hold the plaintiffs' action was automatically dismissed on July 12, 1988, and the trial court had no further jurisdiction to consider granting a continuance.

■ III. *Reinstatement.* Though plaintiffs' action was dismissed on July 12, 1988, its motion for reinstatement was filed within six months as mandated by rule 215.1. The burden is upon the movant to establish adequate reasons for reinstating the action. *Holland Bros. Constr.*, 434 N.W.2d at 903. A prerequisite to either a mandatory or discretionary reinstatement "is a showing by plaintiffs of reasonable diligence in preparing and pursuing the case for trial." *Berkley Int'l Co. v. Devine*, 423 N.W.2d 9, 12 (Iowa 1988).

■ From our review of the record, it appears reinstatement was not mandatory under rule 215.1 due to oversight, mistake, or other reasonable cause. Plaintiffs argued they were entitled to reinstatement of their action because the January 3, 1989, dismissal was in direct conflict with the court's order of July 12th and the subsequent pretrial order scheduling the trial for October 1989. We have previously concluded the July 12th continuance was ex parte in nature and thus invalid. Plaintiffs' case was automatically dismissed, and no merit exists in plaintiffs' argument that the notice of dismissal filed by the clerk was a mistake which warrants reinstatement of their action.

■ In reviewing a trial court's discretionary decision to grant or deny reinstatement, we will reverse only if there is an abuse of discretion. *Holland Bros.*, 434 N.W.2d at 903. In its ruling denying reinstatement, the trial court noted plaintiffs' lack of reasonable diligence in preparing and pursuing this case for trial. The record supports this conclusion. The only formal discovery was conducted in the fall of 1985 and was done by defendants. Plaintiffs' case is marked with long periods of inactivity due in part to Mr. Sanchez's incarceration and their inability to retain counsel. While the inability to acquire counsel was due to impending rule 215.1 deadlines which dissuaded attorneys from taking this personal injury case, we note

twenty-three months elapsed between the filing of the petition and plaintiffs' consent to the withdrawal of their initial attorneys and very little progress was made during that time to advance the case to trial.

In their reply briefs, plaintiffs claim ignorance and attempt to blame their problems on the trial court for allowing their initial attorneys to withdraw when a rule 215.1 deadline was looming. However, in their brief, plaintiffs indicated several times that they were aware of the rule 215.1 dismissal date at the time they consented to the withdrawal of their counsel.

This court, being aware of the harsh consequences of a rule 215.1 dismissal, has reviewed this case and we can find no abuse of discretion in refusing to reinstate it.[2]

AFFIRMED.

HAYDEN, J., concurs in result only.

SACKETT, J., specially concurs.

SACKETT, Judge (specially concurring)

I concur with the result because I find the case was dismissed December 31, 1989, and I find no abuse of discretion in the trial court's refusal to reinstate it.

However, I do not agree with the majority's reasoning the case was dismissed on July 12, 1988. The order continuing was entered July 11, 1988, at which time the case was still pending. The district court had jurisdiction to order the case reinstated. No one appealed that order. No motion was made to set it aside. There is no basis for us now to consider it an invalid order.

---

**2.** This court is concerned by plaintiffs' bald assertion that the trial court's ruling in this matter was somehow influenced by racial bias. No support whatsoever exists in the record to support such an allegation. Plaintiffs are counseled to refrain from making such unsubstantiated allegations.