Jack F. TIFFANY and Donna M. Tiffany, Plaintiffs/Appellants,

v.

BRENTON STATE BANK OF JEFFERSON, James Kurth, Sheriff of Greene County, and Greene County, Iowa, Defendants/Appellees.

No. 91–1810.

Court of Appeals of Iowa.

Sept. 2, 1993.

Marlyn S. Jensen, Osceola, for appellants.

Nicola J. Martino, Jefferson, for appellees James Kurth and Greene County.

Tom Polking, Wilcox, Polking, Gerken, Schwarzkopf, Hoyt & Copeland, for appellee James Kurth.

Rodney P. Kubat, Whitfield & Eddy, Des Moines, and Michael F. Mumma, Mumma & Pedersen, Jefferson, for appellee Brenton State Bank of Jefferson.

Considered by DONIELSON, P.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

This appeal arises from a wrongful replevin action and conversion action commenced by plaintiffs, Jack and Donna Tiffany, against various defendants, including Brenton Bank of Jefferson and Greene County, Iowa. On appeal Tiffanys contend the district court erred in dismissing their action and denying their motion for reinstatement pursuant to Iowa Rule of Civil Procedure 215.1.

Tiffanys commenced their action against defendants on November 25, 1987. They alleged defendants, in 1985, had wrongfully replevied exempt personal property. Tiffanys sought to recover for property allegedly wrongfully replevied as well as for property allegedly damaged. On December 21, 1987, Greene County filed its answer. On December 23, 1987, Brenton Bank responded with a petition to dismiss, or in the alternative for summary judgment. On February 11, 1988, the district court overruled defendant's motions. Brenton Bank filed a motion for additional time to move or plead. On March 21, 1988, the district court granted Brenton Bank until April 2, 1988, to file an answer or otherwise respond to the petition. On April 1, 1988, defendant Brenton Bank served a motion to stay proceedings pending posting of bond pursuant to Iowa Rule of Civil Procedure 80(b). The motion was premised on Tiffanys' four previous unsuccessful small claims actions against Brenton Bank during the previous five years. Tiffanys resisted the motion and moved for a continuance of any hearing on the motion for stay of proceedings, requesting time to pursue discovery before the court held a hearing on the motion. On May 2, 1988, the district court entered an order granting Tiffanys thirty days to complete discovery regarding issues raised in the motion for stay. The court directed the court administrator to schedule a hearing on the rule 80(b) motion in the next available trial assignment. In an order filed May 23, 1988, the district court stayed all further discovery in the case in chief until it

ruled on the motion for stay. The court vacated the trial setting conference scheduled for August 2, 1988, indicating it would be rescheduled following a ruling on the motion for stay of proceedings.

In the summer of 1988 Tiffanys took several depositions relating to the rule 80(b) issues. Tiffanys took no further action until the clerk of the district court sent Tiffanys a notice pursuant to Iowa Rule of Civil Procedure 215.1 on August 9, 1989. The notice provided the case would be dismissed pursuant to rule 215.1 if not tried prior to January 1, 1990. On December 4, 1989, Tiffanys filed a motion for continuance under rule 215.1. Brenton Bank resisted the motion, arguing no activity had occurred on the case since July of 1988 when a nonparty witness was deposed. On December 22, 1989, the district court continued the case under rule 215.1 and directed discovery be completed by April 30, 1990. The order provided the case would be dismissed if it was not tried before September 1, 1990. The court directed the court administrator to schedule the case for trial after June 1, 1990.

Pursuant to the December 22, 1989, order, a hearing was scheduled on the motion for stay of proceedings on April 26, 1990. On April 17, 1990, Tiffanys filed another motion for continuance of the hearing set for April 26, 1990, alleging Donna Tiffany was hospitalized and could not attend the hearing. The district court granted a continuance. On August 15, 1990, Tiffanys again filed a motion for continuance under rule 215.1. The district court set a hearing on the motion for continuance on September 4, 1990. The court rescheduled the hearing for September 24, 1990. Because a hearing was not held prior to the dismissal date of September 1, 1990, Tiffanys filed a motion to reinstate. On September 24, 1990, the district court ordered reinstatement of the case, with the further proviso the case be dismissed if not tried prior to September 1, 1991.

A hearing on defendant's motion for a stay of proceedings pending posting of bond was finally held on January 16, 1991. On February 15, 1991, the district court overruled the motion for stay. Following the entry of the order, written discovery was conducted. On March 11, 1991, Tiffanys served a request for production of documents on Brenton Bank. One month later, Brenton Bank filed an objection to Tiffanys' request. On May 9, 1991, Brenton Bank served interrogatories and a request for production of documents on Tiffanys. Brenton Bank contends Tiffanys failed to respond to either discovery request in a timely manner. On May 20, 1991, Tiffanys' attorney, Scott Hughes, filed a motion to withdraw and a motion for an extension of time to respond to discovery. Hughes alleged the failure of Tiffanys to respond to his letters and phone calls as grounds for withdrawal and an extension. Brenton Bank resisted both motions. On June 7, 1991, Defendant Greene County served a request for admissions on Tiffanys. On June 14, 1991, Tiffanys' attorney filed another motion to extend time so Tiffanys may have time to seek substitute counsel and answer Greene County's request for admissions. On June 24, 1991, the district court held a hearing on the motion to withdraw and the motions for extension of time regarding Brenton Bank's request for documents, interrogatories, and admissions. The district court allowed Tiffanys' trial counsel to withdraw. The court required Tiffanys to obtain substitute counsel within ten days or proceed pro se. The court also granted an extension of time and ordered all discovery be completed by July 19, 1991. The order provided the dismissal date of September 1, 1990, remained unchanged.

On July 22, 1991, Brenton Bank filed a motion for sanctions, citing Tiffanys' failure to comply with the discovery orders by July 19, 1991, and defendant Greene County moved for summary judgment. On August 5, 1991, Tiffanys filed, pro se, resistances to both motions and a motion to continue. A hearing on the motions was set for September 9, 1991. Approximately thirty minutes before the hearing began on September 9, Tiffanys' new attorney filed a "Motion for Continuance Under Rule 215.1 and Related Matters," and several other pleadings, including a (1) "Tentative Resistance to Motions for Summary Judgment and for Continuance of Consideration of Motion for Summary Judgment," (2) "Tentative Memorandum on Law of Summary Judgment," (3)

"Motion for Leave to Make First Amendment to Petition," (4) "First Amendment to Petition (Verified)," and (5) "First Response to Request for Admissions (Greene County)." The motion for continuance contained a request for reinstatement of the case. At the hearing the district court determined the case had been dismissed pursuant to rule 215.1 because the case was not tried by September 1, 1991. The court noted the case had already been dismissed as of September 1, 1991, and took under advisement the issue of its continuing jurisdiction.

On October 4, 1991, the district court entered a rule 215.1 order ruling the case had automatically been dismissed on September 1, 1991. The court stated it lacked jurisdiction to consider Tiffanys' pleadings filed on September 9, 1991. On October 21, 1991, the court ruled the pleadings filed by Tiffanys on September 9, 1991, were moot. On November 20, 1991, Tiffanys filed a notice of appeal, alleging their pleadings filed on September 9, 1991, contained a motion for reinstatement that had not been ruled upon by the district court. Brenton Bank filed a combined motion for limited remand and for suspension of the briefing schedule, requesting a ruling on Tiffanys' application for reinstatement. The supreme court remanded the case, and a hearing was held on February 24, 1992. On March 25, 1992, the district court denied the application for reinstatement. Tiffanys have appealed.

Tiffanys argue they are entitled to mandatory or discretionary reinstatement pursuant to rule 215.1. Tiffanys maintain the district court's order ruling their motion for reinstatement was moot violated their due process rights, and was also a denial of equal protection under the Fourteenth Amendment. Tiffanys claim the sole procedure available to them under the rule of civil procedure was a motion for reinstatement under rule 215.1.

Brenton Bank argues the dismissal occurred not due to any evasive tactics employed by defendants, but rather to Tiffanys' failure to cooperate with their attorney. Brenton Bank argues Tiffanys are not entitled to either mandatory or discretionary reinstatement. Brenton Bank also argues Tif-

fanys raise an estoppel argument for the first time on appeal and that such an argument should not be considered.

 Our standard of our review is for corrections of errors at law. *O'Brien v. Mullapudi*, 405 N.W.2d 815, 817 (Iowa 1987) (citation omitted); Iowa R.App.P. 4. The findings of fact of the district court are binding on the reviewing court if supported by substantial evidence. *Blunt, Ellis & Loewi, Inc. v. Igram*, 319 N.W.2d 189, 192 (Iowa 1982); Iowa R.App.P. 14(f)(1). Evidence is to be viewed in the light most favorable to the judgment. *Blunt, Ellis & Loewi, Inc.*, 319 N.W.2d at 192 (citation omitted).

The issues on appeal are whether the district court erred (1) in ruling Tiffanys were not entitled to mandatory or discretionary reinstatement of their action; (2) in dismissing Tiffanys' multiple pleadings filed on September 9, 1991, as moot; and (3) in determining Tiffanys' constitutional rights were not violated.

 I. *Reinstatement of Action.* Iowa Rule of Civil Procedure 215.1 provides two grounds upon which courts may reinstate an action dismissed under the rule: mandatory reinstatement and discretionary reinstatement. *O'Brien v. Mullapudi*, 405 N.W.2d 815, 816 (Iowa 1987); Iowa R.Civ.P. 215.1. Mandatory reinstatement is necessary if proof shows the dismissal was the result of oversight, mistake, or other reasonable cause. *Wharff v. Iowa Methodist Hosp.*, 219 N.W.2d 18, 22 (Iowa 1974) (citing *Rath v. Sholty*, 199 N.W.2d 333, 335–36 (Iowa 1972)); Iowa R.Civ.P. 215.1. Reinstatement of a dismissed case also may occur if the trial court in its discretion reinstates the case. *Mermigis v. Servicemaster Indus. Inc.*, 437 N.W.2d 242, 249 (Iowa 1989); Iowa R.Civ.P. 215.1. Both types of reinstatement require proof counsel exercised reasonable diligence in preparing and pursuing the case for trial. *Berkley Int'l Co. v. Devine*, 423 N.W.2d 9, 12 (Iowa 1988) (citing *O'Brien*, 405 N.W.2d at 817). Even if there was activity in the preparation of a case for trial, however, a pattern of delays by plaintiff or its counsel violates the spirit of the rule. *O'Brien*, 405 N.W.2d at 819. The movant bears the burden to

establish adequate reasons for reinstatement. *Id.* (citing *Wharff*, 219 N.W.2d at 22).

A. *Mandatory Reinstatement.* Tiffanys contend they are entitled to mandatory reinstatement because of oversights and mistakes. They allege the failure of the court to enter a scheduling order setting the case for trial and shortened time periods in which to prepare for trial constitute "oversight, mistake or other cause" under rule 215.1.

■ One of several factors to be considered in determining whether reinstatement is mandatory is "whether the plaintiff was seeking a trial assignment or merely a continuance when the case was dismissed." *Holland Bros. Constr. v. Iowa Dept. of Transp.*, 434 N.W.2d 902, 904 (Iowa App.1988) (citations omitted). Tiffanys failed to show any attempt to seek a trial assignment. *See Rath*, 199 N.W.2d at 337. They, however, sought numerous continuances. Tiffanys were seeking another continuance when the case was dismissed on September 1, 1991.

■ Substantial evidence supports the district court's conclusion Tiffanys failed to prove oversight or mistake sufficient to warrant mandatory reinstatement. The record shows the court administrator issued a notice of trial setting conference on March 30, 1988. In the notice the case was set for trial setting conference on August 2, 1988. The court later canceled the conference pending the resolution of the rule 80(b) motion. On December 22, 1989, the court directed the court administrator to schedule the case for trial after June 1, 1990. The dismissal of this case did not result from any alleged oversight or mistake on the part of the court administrator. The dismissal of this case resulted from the extensive number of delays caused by Tiffanys. For example, between the filing of the rule 80(b) motion in April 1988 and the hearing on the motion in January 1991, Tiffanys sought and obtained at least four continuances. The limited preparation times, which plaintiffs allege occurred, resulted from their own inaction and continual attempts to continue their case. Substantial evidence supports the district court's conclusion Tiffanys' actions show a consistent pattern of delay over the thirty-three-month period in which their case was pending,

thereby causing the dismissal of their case on September 1, 1991. This factual background does not establish a mandatory reinstatement. We hold the district court properly denied reinstatement of Tiffanys' case.

B. *Discretionary Reinstatement.* In the alternative, Tiffanys argue the district court should have exercised its discretion to reinstate their action. Tiffanys claim defendant's motion for sanctions caused the delay.

■ The record supports the district court's denial of discretionary reinstatement. Tiffanys' case was filed November 25, 1987, and was not automatically dismissed until September 1, 1991. During this thirty-three-month period, Tiffanys filed numerous motion for continuances, failed to cooperate with their attorney, and took no action for approximately fifteen months. From July 1988 to December 1989 Tiffanys failed to take any action on their case. On December 4, 1990, Tiffanys acted upon a rule 215.1 notice they had received four months earlier. The notice required their case be tried before January 1, 1990. In December Tiffanys merely sought another continuance. Tiffanys' attorney withdrew in June 1991, stating his clients' lack of cooperation as grounds for the withdrawal. Any alleged difficulty in obtaining counsel is not a sufficient reason to overturn a district court's denial of discretionary reinstatement. *See Sanchez v. Kilts*, 459 N.W.2d 646, 650 (Iowa App.1990). The delays caused by Tiffanys' failure to act and motions for continuances support the district court's refusal to exercise its discretionary authority to reinstate the case.

■ Tiffanys had the burden of keeping their case alive and avoiding an automatic dismissal. *See id.* at 649 (citing *Greif v. K-Mart Corp.*, 404 N.W.2d 151, 154 (Iowa 1987)). Tiffanys had the responsibility to seek and obtain a continuance before the rule 215.1 deadline. *Id.* (citation omitted).

■ On August 5, 1991, Tiffanys filed, pro se, a motion to continue. The rule 215.1 deadline was September 1, 1991. The mere filing of a motion for continuance before the rule 215.1 deadline for trial fails to stay the dismissal of the case. *See Schimerowski v.*

*Iowa Beef Packers, Inc.,* 196 N.W.2d 551, 554 (Iowa 1972); *see also Fankell v. Schober,* 350 N.W.2d 219, 222 (Iowa App.1984). There is no evidence in the record Tiffanys requested the court administrator to schedule the motion for continuance to be heard prior to the "try or dismiss" deadline. The motion was neither submitted to nor taken under advisement by the district court prior to September 1, 1991. *See Fankell,* 350 N.W.2d at 223. The Iowa Supreme Court has held "where a motion for continuance is filed and submitted on notice before the rule 215.1 deadline for trial, continuance or dismissal, jurisdiction is retained by trial court while it has such motion under advisement." *Id.; Doland v. Boone County,* 376 N.W.2d 870, 873 (Iowa 1985) ("an application for continuance must be filed along with an order granting the motion, or else the application must have been taken under advisement for ruling by the court, prior to the mandatory dismissal date to avoid dismissal under rule 215.1"). Tiffanys had failed to obtain, prior to September 1, 1991, an order continuing this case and the district court had not taken any motion for continuance under advisement.

The district court properly refused to exercise its discretion to reinstate the case. We affirm the decision of the district court.

**II. Jurisdiction.** Tiffanys argue the trial court erred in ruling, without a hearing, their pleadings filed on September 9, 1991, were moot. We conclude plaintiffs' case was dismissed as of September 1, 1991, because it was not tried nor was an order granting a continuance obtained before that date. *Doland,* 376 N.W.2d at 874. Therefore, the district court correctly concluded it was without jurisdiction as of September 1, 1991, to entertain plaintiffs' pleadings, which were filed September 9, 1991. *Sanchez,* 459 N.W.2d at 650. We affirm the district court on this issue.

**III. Estoppel.** Tiffanys raise an estoppel argument on appeal. They contend defendants caused the delay in the adjudication of their action.

This issue was not raised in the district court proceedings and has not been preserved for appeal. We have repeatedly held that ordinarily, matters not raised in the trial court, including constitutional questions, cannot be effectively asserted for the first time on appeal. *Tri–State Refining & Inv. v. Opdahl,* 481 N.W.2d 710, 713 (Iowa App. 1991) (citing *Shill v. Careage Co.,* 353 N.W.2d 416, 420 (Iowa 1984)). We do not address this issue on appeal.

**IV. Constitutional Rights.** Tiffanys contend the automatic dismissal and denial of reinstatement violated their due process rights and denied them of their equal protection rights because they were not provided with an opportunity for a hearing. We determine there is no merit in their argument. Tiffanys' action was dismissed pursuant to rule 215.1. Dismissal under this rule is automatic and requires no court order of dismissal. *Sanchez,* 459 N.W.2d at 649 (citation omitted). The operation of the rule is not discretionary with the trial court. *Id.* There is no evidence Tiffanys were not treated equally because rule 215.1 operates automatically. Tiffanys were subsequently given a hearing on their application for reinstatement. We affirm the decision of the district court on this issue.

Costs of this appeal are taxed to Tiffanys.

**AFFIRMED.**