Karen M. HANSON and Maylon J. Hanson, Plaintiff–Appellant,

v.

HARVEYS CASINO HOTEL, Defendant–Appellee.

No. 01–1195.

Court of Appeals of Iowa.

July 31, 2002.

Joseph Colaiano and Donald Swanson, Omaha, Nebraska, for appellant.

Michael Kinney and James Garriott, Omaha, Nebraska, for appellee.

Considered by MAHAN, P.J., and MILLER and HECHT, JJ.

MILLER, J.

Karen M. Hanson and Maylon J. Hanson appeal from the trial court's grant of Harveys Casino Hotel's motion for new trial. They also contend the court erred in not permitting evidence on the issue of farm expenses incurred by Karen Hanson. We dismiss the appeal and remand for new trial as ordered by the trial court.

On July 25, 1998 Karen Hanson was a customer at Harveys Casino Hotel (the Hotel) in Council Bluffs, Iowa. At approximately 4:30 a.m., Karen was walking through the casino towards the bar in a permitted customer area. She proceeded down an aisle of slot machines where Edgardo Escobar, an employee of the Hotel, was servicing a slot machine within the scope of his employment. As Karen passed Mr. Escobar, he allegedly stood up

from a kneeling position and in turning his body bumped Karen in the area of her left breast. In 1995 Karen had undergone a double mastectomy and reconstructive surgery, which included breast implants in both breasts. After the accident Karen sought treatment with numerous physicians concerning pain in her left breast she attributed to the incident at the Hotel.

Karen and her husband Maylon brought suit against the Hotel for damages due to the alleged negligence of the Hotel's employee, Mr. Escobar. Karen alleged Mr. Escobar's negligence in bumping her in the breast proximately caused her to sustain an injury and subsequent damages. Maylon claimed the negligence impaired and disabled Karen so as to deprive him of her aid, services, support, affection, society and companionship. The case was tried to a jury. The jury returned a verdict in favor of the Hansons, awarding Karen $75,000 and Maylon $6500. The Hotel filed motions for judgment notwithstanding the verdict and for new trial. The court granted the Hotel's motion for new trial on four separate grounds. One of the four, dealing with evidentiary matters, itself contained three separate and distinct grounds. The Hansons appeal from the trial court's ruling alleging the court erred in granting new trial and in not allowing them to present evidence on the issue of farm expenses incurred by them due to Karen's injury.

 The Iowa Rules of Appellate Procedure govern the form and content for briefs and appendixes filed with our supreme court. *See generally* Iowa Rs.App. P. 6.14 and 6.15. Failure to comply with these rules can lead to summary disposition of an appeal. Iowa R.App. P. 6.19(1); *Myers v. Sellers*, 234 N.W.2d 152, 153 (Iowa 1975); *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 239 (Iowa 1974). We are not bound to consider a party's position when the brief fails to comply with our rules of appellate procedure. *Inghram*, 215 N.W.2d at 239–40.

Iowa Rule of Appellate Procedure 6.14(1)(*f*) requires:

> Each division of the argument *shall* begin with a discussion, citing relevant authority, concerning the scope or standard of appellate review (e.g. "on error," "abuse of discretion," "de novo,") and *shall* state how the issue was preserved for review, with references to the places in the record where the issue was raised and decided.

(Emphasis added). Rule 6.14(7) requires:

> "References in the final briefs to portions of the record *shall* be to the pages of the appendix at which those parts appear."

(Emphasis added). Rule 6.15(1)(*a*) requires:

> *Appellant* shall prepare and file an appendix to the briefs which *shall* contain: ... (2) any relevant portions of the pleadings, transcript, instructions, findings, conclusions, and opinion; ... and (6) any other parts of the record to which the parties wish to direct the particular attention of the court.

(Emphasis added). Rule 6.19(1) provides in part:

> An appeal may be dismissed, with or without notice of default, for failure to comply with an appellate rule, upon the motion of a party or of the appropriate appellate court.

The Hansons' brief and appendix fail to comply with the foregoing rules. Although the division of their brief dealing with the grant of a new trial contains a lengthy quotation setting forth principles that apply to the *trial court's* consideration of a motion for a new trial when discretionary grounds for new trial are invoked by a party, it contains no discussion concerning

the scope or standard of *appellate* review. The division dealing with the issue of evidence of farm expenses contains no discussion of, and no citation of authority concerning, the scope or standard of appellate review. Some two-thirds of the references to the record in the Hansons' brief are not references to pages of the appendix. The appendix contains less than one-half of the portions of the record referred to in the Hansons' brief. Further, the argument portion of the Hansons' brief contains and relies on numerous additional matters allegedly appearing in the trial record, but does so without either including them in the appendix or even indicating where in the record they appear. Finally, concerning their claim of trial court error on the issue of evidence of farm expenses, the Hansons have not included in the appendix any portion of trial testimony to which they refer in their brief, and have not included in the appendix any trial court ruling or rulings that deal with the issue.

■ In some situations our appellate courts have taken the time and made the effort necessary to decide an appeal despite the failure of the appellant to comply with applicable rules of appellate procedure. *See State v. Stoen*, 596 N.W.2d 504, 507 (Iowa 1999) (reaching the merits despite appellant's omissions where it was clear the issues had been raised and ruled on by the trial court, the scope of review was well-settled, and the court could reach the merits without having to undertake appellant's research and advocacy or assume a partisan role); *In re Estate of DeTar*, 572 N.W.2d 178, 180–81 (Iowa Ct. App.1997) (reaching merits as to some issues as a matter of grace where the court believed it could do so without assuming a partisan role and undertaking appellant's research and advocacy). Where a party's failure to comply with the appellate rules requires the court to assume a partisan role and undertake a party's research and advocacy, we will dismiss the appeal. *Stoen*, 596 N.W.2d at 504; *Inghram*, 215 N.W.2d at 240. Subsequent to *Inghram* our supreme court has, however, dismissed appeals for substantial failure to comply with the rules of appellate procedure, even without any finding or suggestion that the failures required the court to assume a partisan role or engage in a party's research or advocacy. *See, e.g., Myers*, 234 N.W.2d at 153.

The Hansons' substantial lack of compliance with our rules of appellate procedure would require us to research and cull the record to identify portions of the record the Hansons should have but did not include in the appendix. Doing so would be particularly difficult and time consuming as to the several portions of the record that they refer to in their brief and rely on but do not include in the appendix or even identify by location in the record.

We receive only one copy of the record on appeal. Our rules require the appellant to include any relevant portions in the appendix, and require the parties' briefs to cite pertinent parts of the record by reference to pages in the appendix. In order to address the merits of an appeal when an appellant largely fails in these matters would require us to search to record to locate the portions of the record that should be in the appendix, correlate those items to the appellant's brief, and reproduce and distribute them to judges and staff. These are tasks that are required of the parties by our rules. They are tasks that the parties can perform with relative ease and dispatch because of their familiarity with the issues and the record, but which require much greater time and effort if performed by the court. Our heavy caseload does not provide us with the time to perform those tasks that the parties can perform much more efficiently and the rules require them to perform so that we

have time to address the merits, rather than the mechanics, of appeals.

In summary, the Hansons' failure to comply with the rules of appellate procedure would require us to research and cull the record on their behalf in order to be able to address the merits of their appeal. Further, our caseload is such that we do not have the time to undertake those tasks which for reasons of efficiency the rules assign to the Hansons. We therefore decline to address the merits of the appeal. The appeal is dismissed pursuant to rule of appellate procedure 6.19(1) and the case is remanded for new trial as ordered by the trial court.

**APPEAL DISMISSED.**