# IN THE COURT OF APPEALS OF IOWA

No. 13-0946
Filed July 30, 2014

**CHARLES BOYLES,**
    Plaintiff-Appellant,

**vs.**

**DIEOMATIC, INCORPORATED,**
    Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Iowa County, Douglas S. Russell,

Judge.


        Charles Boyles appeals the denial of his application to reinstate his

petition. **AFFIRMED.**



        Eric D. Tindal of Nidey Erdahl Tindal & Fisher, PLC, Williamsburg, for

appellant.

        Gary R. Fischer and Michael S. Eganhouse of Simpson, Jensen, Abels,

Fischer & Bouslog, P.C., Des Moines, for appellee.


        Considered by Vaitheswaran, P.J., Bower, J., and Eisenhauer, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**EISENHAUER, S.J.**

Charles Boyles appeals the denial of his application to reinstate his petition after it was dismissed by operation of Iowa Rule of Civil Procedure 1.944 for failure to prosecute. He also seeks to overturn the ruling granting summary judgment in favor of the defendant, Dieomatic, Incorporated. Our review is for correction of errors at law. *See Tiffany v. Brenton State Bank*, 508 N.W.2d 87, 90 (Iowa Ct. App. 1993).

On December 21, 2010, Boyles filed his breach-of-contract action against Dieomatic, claiming Dieomatic had miscalculated the amount of his pension. The matter was set for trial on September 25, 2012, but was continued at Dieomatic's request on September 17, 2012. The same day, the court entered a ruling granting summary judgment in favor of Dieomatic on the one contested issue in the case.[1] Accordingly, no new trial date was set, and the petition was dismissed on January 1, 2013, pursuant to rule 1.944.[2]

Boyles filed an application to reinstate the action on April 29, 2013, within the six-month period the court may reinstate an action. *See* Iowa R. Civ. P. 1.944(6). Although Boyles's counsel characterized his failure to comply with rule 1.944 or obtain an exception to the rule as "oversight" at the reinstatement hearing, his application for reinstatement failed to state whether he was entitled

---

[1] The court ruled "the Corporation" set out in the contract refers to Victor Manufacturing and not to Dieomatic, Incorporated.

[2] The rule provides:

> All cases at law or in equity where the petition has been filed more than one year prior to July 15 of any year shall be tried prior to January 1 of the next succeeding year . . . or dismissed without prejudice at plaintiff's costs unless satisfactory reasons for want of prosecution or grounds for continuance be shown by application and ruling thereon after notice and not ex parte.

Iowa R. Civ. P. 1.944(2).

to mandatory reinstatement. *See* Iowa R. Civ. P. 1.944(6) (providing reinstatement is mandatory if dismissal was the result of oversight, mistake, or other reasonable cause, and is otherwise discretionary). Regardless of whether Boyles is seeking mandatory or discretionary reinstatement, he must prove his counsel exercised reasonable diligence in preparing and pursuing the case for trial. *See Tiffany*, 508 N.W.2d at 90-91. He fails to meet this burden.

Boyles's argument for reinstatement is contained in one paragraph of his appellate brief and can be summarized as follows: Boyles was prepared to go to trial in September 2012, and it was Dieomatic who delayed trial by requesting a continuance. While both are true, his argument ignores the facts that led to the continuance and his failure to act after it was granted. Dieomatic sought a continuance eleven days before trial in part because the trial court had not yet ruled on its motion for summary judgment, which Dieomatic believed would be dispositive of the issue to be tried. Although the order granting the continuance was entered the same day as the summary judgment ruling, a trial-scheduling conference was set for October 16, 2012. No new trial date was selected at that conference, however, because Dieomatic's attorney informed the court administrator he believed the summary judgment ruling disposed of the only issue in the case and Boyles's representative at the hearing stated she did not have enough information to respond. If Boyles believed a trial was necessary, his attorney was to contact the court administrator to set a trial date, but Boyles took no further action to pursue the case. He did not attempt to set a trial date or obtain a continuance, even after a notice of dismissal was sent. He did not otherwise seek court action, even though he admits in his application to reinstate

"the order concerning summary judgment eliminates the issues contested between the parties." On this record, we conclude Boyles's counsel failed to exercise reasonable diligence and affirm the denial of Boyles's application to reinstate.

The bulk of Boyles's argument on appeal is directed at overturning the court's summary judgment ruling, which disposed of the only issue in the underlying breach-of-contract action. Boyles failed to appeal the summary judgment ruling within thirty days of its entry as is required under Iowa Rule of Appellate Procedure 6.101(2)(b). Instead, he claims he preserved error by appealing the denial of his application to reinstate, which also requested a ruling on whether the summary judgment ruling was a final order. Boyles fails to outline an argument regarding error preservation, though implicit in his preservation statement is his belief the summary judgment ruling was an interlocutory order, which became reviewable upon an appeal from the final judgment. *See Johnson v. Iowa State Highway Comm'n*, 134 N.W.2d 916, 918 (Iowa 1965). Even assuming this is true, this court would then have to find the dismissal without prejudice pursuant to rule 1.944 was a final order, and by filing an application to reinstate four months later and appealing its denial, Boyle preserved error to allow review of the merits of the summary judgment ruling. Boyles does not make this argument, and we will not assume a partisan role in undertaking his research and advocacy. *See Hanson v. Harveys Casino Hotel*, 652 N.W.2d 841,

843 (Iowa Ct. App. 2002). Regardless, affirming the denial of Boyles's application to reinstate has rendered the issue moot.[3]

**AFFIRMED.**

---

[3] Dieomatic moved to dismiss or summarily affirm Boyles's appeal, arguing this court is without jurisdiction because he failed to timely appeal the summary judgment ruling. Our supreme court denied the motion without prejudice, allowing Dieomatic to assert these arguments in its brief. For the reasons stated, we decline to reach the timeliness question.