# IN THE COURT OF APPEALS OF IOWA

No. 15-2118
Filed February 22, 2017

**VICTOR ESQUIVAL SERRATO,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Muscatine County, Thomas G. Reidel, Judge.

Applicant seeks postconviction relief from his convictions for first-degree murder and nonconsensual termination of a human pregnancy. **AFFIRMED.**

Jeffrey M. Lipman of Lipman Law Firm, P.C., West Des Moines, for appellant.

Victor E. Serrato, Anamosa, appellant pro se.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

Victor Serrato seeks postconviction relief from his convictions for first-degree murder and nonconsensual termination of a human pregnancy. Serrato raised a variety of issues on appeal. We find issues not properly raised under the Iowa Rules of Appellate Procedure will not be considered. On the five issues specifically raised on appeal, the district court considered the issues and determined they were without merit. We affirm the district court's decision denying Serrato's application for postconviction relief.

## I.     Background Facts & Proceedings

Serrato was charged with killing Mimi Carmona, who was pregnant at the time. Serrato and Carmona were observed arguing in the parking lot of a bar in Muscatine, Iowa, on October 21, 2006. Carmona's body was found in Illinois on October 22. Serrato was convicted of first-degree murder, in violation of Iowa Code section 707.2 (2005), and nonconsensual termination of a human pregnancy, in violation of section 707.8. Serrato's convictions were affirmed on appeal. *State v. Serrato*, 787 N.W.2d 462, 472 (Iowa 2010). The supreme court found there was sufficient evidence to prove beyond a reasonable doubt Iowa had territorial jurisdiction to prosecute Serrato. *Id.*

On March 18, 2011, Serrato filed a pro se application for postconviction relief, raising four issues. Although Serrato was represented by counsel, he filed a supplemental brief on November 17, 2011, setting out eleven issues he was raising in his postconviction action. Postconviction counsel filed an amended application for postconviction relief on December 17, 2013, raising four claims of ineffective assistance of counsel. Postconviction counsel submitted a brief,

which addressed whether Serrato received ineffective assistance due to trial counsel's failure to seek to suppress certain evidence because Serrato had not been informed of his *Miranda* rights. The State responded with a brief also addressing the issue of the *Miranda* warning. At the postconviction hearing, the parties only addressed the issue of the adequacy of the *Miranda* warning.

The district court denied Serrato's application for postconviction relief. The court determined Serrato was not in custody at the time he made statements to officers and, therefore, a *Miranda* warning was not required. Based on this conclusion, the court found it did not need to address any further allegations made by Serrato in his brief.

Postconviction counsel filed a motion pursuant to Iowa Rule of Civil Procedure 1.904(2), claiming the court should have addressed whether Serrato's rights were violated when the State obtained a DNA sample. Serrato also filed a pro se rule 1.904(2) motion, stating the court should address issues he raised concerning (1) the Vienna Convention, (2) territorial jurisdiction, (3) felony murder, (4) voir dire, and (5) the *Miranda* warning.

The district court denied the rule 1.904(2) motions. The court found Serrato consented to the taking of a DNA sample. As to Serrato's pro se claims, the court found they were without merit. Serrato now appeals.

## II. Standard of Review

In general, postconviction claims are reviewed for the correction of errors at law. *More v. State*, 880 N.W.2d 487, 498 (Iowa 2016). On a claim of ineffective assistance of counsel, our review is de novo. *Nguyen v. State*, 878 N.W.2d 744, 750 (Iowa 2016).

### III.    Discussion

Serrato asks to have this case remanded to the district court for a ruling on his pro se issues.   He states he raised four issues in his application for postconviction relief, two more issues in his amended application, and an additional five issues in his pro se supplemental brief, and he claims eleven pro se issues should be addressed.[1]  Serrato then particularly notes the five issues raised in his pro se rule 1.904(2) motion.   In a pro se appellate brief, Serrato again raises the issue of territorial jurisdiction.   He also states, "The court failed to address all of the pro se issues."

There are specific rules for raising issues on appeal.  *See* Iowa R. App. P. 6.903(2)(g).   Each issue should be addressed in a separately numbered division, with reference to error preservation, the scope of review, citations to the record and legal authority, and a statement of the relief sought.  *Id.*   "Failure to cite authority in support of an issue may be deemed waiver of that issue."   Iowa R. App. P. 6.903(2)(g)(3).

We determine it is not sufficient to ask us to address eleven pro se issues or "all of the pro se issues," without further specification in the appellate briefs as to what issues are being raised on appeal.   The failure to set out the issues Serrato believes should be addressed would require the court to "research and cull the record" to determine what pro se issues Serrato had raised.  *See Hanson v. Harveys Casino Hotel*, 652 N.W.2d 841, 843 (Iowa Ct. App. 2002).   Due to the

---

[1] By our count, Serrato has raised more than eleven issues in his application for postconviction relief, supplemental brief, amended application, and rule 1.904(2) motion. While there may be some duplication of issues in these documents, the total is more than eleven.  This raises some confusion as to which eleven issues, out of all the issues raised, Serrato is asking to have addressed on appeal.

failure to comply with the rules of appellate procedure, we will address only those issues specifically raised in Serrato's appellate brief and pro se appellate brief. *See In re Estate of DeTar*, 572 N.W.2d 178, 181 (Iowa Ct. App. 1997) (noting we may, "as a matter of grace," address a party's issues, despite failure to comply with the Iowa Rules of Appellate Procedure, if we can do so without assuming a partisan role).

We determine the following issues were properly raised on appeal and consider only these issues: (1) whether Serrato was improperly denied the benefit of consulting with the Mexican Consulate, in accordance with the Vienna Convention; (2) was Serrato denied an impartial jury due to the rulings on his claims regarding territorial jurisdiction; (3) whether Serrato received ineffective assistance because defense and appellate counsel did not argue nonconsensual termination of a pregnancy could not be the predicate crime for felony murder; (4) was defense counsel denied the ability to properly voir dire the jurors; and (5) is Serrato entitled to greater protection under the Iowa Constitution on his claims regarding the violation of his *Miranda* rights. In Serrato's pro se brief, he specifically refers to his territorial jurisdiction claim, which is already set out here.

Serrato claims the district court should have ruled on these five issues. Section 822.7 provides, "The court shall make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented." Substantial compliance with the rule is sufficient. *Gamble v. State*, 723 N.W.2d 443, 446 (Iowa 2006). "Even if the court does not respond to all of the applicant's *allegations*, the ruling is sufficient if it responds to all the *issues* raised." *Id.* "[T]he district court must give the applicant an opportunity to be heard on his pro

se claims and must then rule on each issue raised." *Jones v. State*, 731 N.W.2d 388, 392 (Iowa 2007). In the court's ruling on the rule 1.904(2) motions, the court addressed each of the five issues raised in Serrato's pro se motion.

**A.** Serrato claimed he was not born in the United States and "was denied the benefit of a Consulate; which is his right under Article 36 of the Vienna Convention." He stated officers were required to inform him of his rights under the Vienna Convention. The district court found there was a ruling on this issue during Serrato's criminal proceedings. We find no error in the court's conclusion. On May 22, 2007, the district court ruled the Mexican Consulate had been notified at the time Serrato was arrested.

**B.** Serrato claimed he was denied a trial by an impartial jury in the state where the crime was committed, as required by the Sixth Amendment. He states because Carmona's body was found in Illinois, the trial should have been held in Illinois. The district court found this issue had been addressed by the Iowa Supreme Court in Serrato's direct appeal. The Iowa Supreme Court fully considered Serrato's claims regarding territorial jurisdiction and concluded Serrato was subject to Iowa's territorial jurisdiction. *Serrato*, 787 N.W.2d at 471. We determine Serrato's claim the trial should have been held in Illinois was previously rejected by the supreme court. *See id.*

**C.** Serrato claimed he received ineffective assistance from defense and appellate counsel because they did not argue the offense of nonconsensual termination of a pregnancy could not be used as the predicate felony offense for felony murder. The district court found "the jury was instructed under the elements of premeditated murder, not under the theory of felony murder." We

agree with the court's conclusion Serrato was prosecuted under a theory of premeditated murder, not felony murder. The supreme court stated, "To commit murder in the first degree, Serrato must have acted with malice aforethought and have killed Carmona willfully, deliberately, and with premeditation." *Id.* at 469.

D.    Serrato claimed he was denied a fair and impartial trial because defense counsel was not able to properly voir dire the jurors concerning prejudice from media reporting on the trial. The district court noted the jury selection process began on page 103 of the trial transcript and concluded on page 508. The court found, "The transcript revealed [defense counsel] was able to fully and completely voir dire prospective jurors concerning any potential prejudice." We find no error in the district court's conclusion this issue has no merit.

E.    Serrato claimed he was entitled to greater protection under the Iowa Constitution concerning the violation of his *Miranda* rights. The district court concluded there was no requirement to inform Serrato of his *Miranda* rights because he was not in custody during the time period in question. *See State v. Ortiz*, 766 N.W.2d 244, 251 (Iowa 2009) (noting officers are required to advise suspects of their rights under the Fifth and Fourteenth Amendments before beginning custodial interrogation (citing *Miranda v. Arizona*, 384 U.S. 436, 479 (1966))). The court stated, "Even if Serrato is correct that somehow the Iowa Constitution provides greater protection concerning his *Miranda* rights, this argument is without merit as the *Miranda* rights do not kick in until Serrato is deemed to be in custody." We find no error in the court's conclusion. *See State v. Schlitter*, 881 N.W.2d 380, 395 (Iowa 2016) ("Law enforcement officers are

required to give *Miranda* warnings when a suspect is in custody and subjected to interrogation.").

We determine the district court fully considered the five issues Serrato raised in his pro se rule 1.904(2) motion and determined those issues were without merit. We affirm the district court's decision denying Serrato's application for postconviction relief.

**AFFIRMED.**