# IN THE COURT OF APPEALS OF IOWA

No. 19-1137
Filed February 17, 2021

**DANIEL LEE JENSEN,**
        Plaintiff-Appellant,

**vs.**

**KARLA RUTH BACCAM,**
        Defendant-Appellee.
_____

Appeal from the Iowa District Court for Calhoun County, Gina Badding,

Judge.

Daniel Jensen appeals the dismissal of his contempt application.

**AFFIRMED.**

Daniel Lee Jensen, Fair Oaks, California, self-represented appellant.

Joel Baxter of Wild, Baxter & Sand, P.C., Guthrie Center, for appellee.

Considered by Bower, C.J., Mullins, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2021).

**GAMBLE, Senior Judge.**

Daniel Jensen appeals the district court's denial of his motion to compel, which it treated as an application for contempt. We affirm.

This case has a long history in our court system, which we recently detailed. *See Jensen v. Baccam*, No. 18-1848, 2020 WL 2060296, at *2–3 (Iowa Ct. App. Apr. 29, 2020). Jensen continues to be self-represented. Once again, we note Jensen has failed to comport with the Iowa Rules of Civil Procedure in many respects. *See id.* at *1. For example, again "[h]is brief includes no statement of the issues presented for review, no routing statement, no statement addressing how he preserved the issues for review and where they were raised and decided in the district court, and no scope and standard of review statement." *Id.* (citing Iowa R. App. P. 6.903(2)(c), (d), (g)(1), (g)(2)). His argument section also fails to cite any pertinent authorities in support of his claims. *See* Iowa R. App. P. 6.903(2)(g)(3) (requiring the argument section to contain "the appellant's contentions and the reasons for them with citations to the authorities relied on").

We reiterate, "[t]he rules apply equally to parties represented by counsel and to those who are not." *Jensen*, 2020 WL 2060296, at *1. Moving forward, Jensen and other litigants should be cognizant that failure to comply with our rules can result in summary dismissal of appeals.[1] *See, e.g.*, *Hanson v. Harveys Casino*

---

[1] We also caution appellants that appellees "may file a motion to dismiss based upon . . . the appellant's filing of a document that fails to substantially comply with the appellate rules . . . ." Iowa R. App. P. 6.1006(1)(a). Those motions "will usually be granted only if the alleged infractions are repeated or significant and have resulted in prejudice to another party or the administration of justice." *Id.* This is of particular significance to Jensen because he is has repeatedly failed to comply with our appellate rules. Should he continue to file appeals noncompliant with our rules, he leaves himself susceptible to a motion to dismiss.

*Hotel*, 652 N.W.2d 841, 843 (Iowa Ct. App. 2002) (noting "[w]here a party's failure to comply with the appellate rules requires the court to assume a partisan role and undertake a party's research and advocacy, we will dismiss the appeal" and our supreme court has "dismissed appeals for substantial failure to comply with the rules of appellate procedure, even without any finding or suggestion that the failures required the court to assume a partisan role or engage in a party's research or advocacy"); *cf.* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."). However, when failure to comply with our rules does not impede our ability to consider the issues raised, we will address the merits of an appeal. *See State v. Stoen*, 596 N.W.2d 504, 507 (Iowa 1999).

In the present appeal, the argument section of Jensen's brief is unfocused and does not contain relevant caselaw to help illuminate his claims. As a result, it is difficult to discern his arguments on appeal. Nevertheless, without assuming a partisan role, we can move forward with the understanding Jensen is challenging evidence supporting the district court's findings and the district court's exercise of discretion in declining to grant his application for contempt.[2]

"A court's refusal to hold a party in contempt is reviewed 'to determine if substantial evidence exists to support the . . . court's finding.'" *In re Marriage of Gutcher*, No. 17-0593, 2018 WL 5292082, at *6 (Iowa Ct. App. Nov. 7, 2018) (quoting *In re Marriage of Hankenson*, 503 N.W.2d 431, 433 (Iowa Ct. App. 1993)).

---

[2] To the extent Jensen attempts to challenge the district court's jurisdiction, his argument is not sufficiently developed for our consideration. *See, e.g.*, *State v. Williams*, No. 19-0152, 2020 WL 4497993, at *6 (Iowa Ct. App. Aug. 5, 2020) ("This argument is not sufficiently developed to enable our review of it.").

And "[b]ecause [Iowa Code section 598.23 (2019)] provides for the exercise of trial court discretion in citing and punishing a person for contempt, our review of the district court's denial of the application is for an abuse of discretion." *Terry v. Iowa Dist. Ct.*, No. 17-0959, 2018 WL 3471836, at *2 (Iowa Ct. App. July 18, 2018) (citing *In re Marriage of Swan*, 526 N.W.2d 320, 327 (Iowa 1995)). "Further, we will affirm the judgment of the district court unless it is demonstrated the district court grossly abused its discretion in denying the application." *Id.* (citing *Swan*, 526 N.W.2d at 327).

"A party alleging contempt has the burden to prove the contemner had a duty to obey a court order and willfully failed to perform that duty." *Ary v. Iowa Dist. Ct.*, 735 N.W.2d 621, 624 (Iowa 2007). "If the party alleging contempt can show a violation of a court order, the burden shifts to the alleged contemner to produce evidence suggesting the violation was not willful." *Id.* "However, the person alleging contempt retains the burden of proof to establish willfulness beyond a reasonable doubt because of the quasi-criminal nature of the proceeding." *Id.*

Here, Jensen alleges Karla Baccam, his ex-wife, failed to change their child's birth certificate to add his name as the father as previously ordered by the court. Baccam admits the birth certificate has not been changed. However, she testified to her efforts to get the birth certificate changed. Baccam testified she twice attempted to have Jensen's name added to the child's birth certificate but the Office of Vital Records and Statistics refused to process her requests because the child's name was not properly stated in the court order. She asked Jensen for help, but he told her he tried to change the name on the birth certificate and could

not and it was her responsibility. The clerk of court told her she needed to hire a lawyer to have the court order changed. She did not have the funds to do so until the contempt hearing when she requested an order nunc pro tunc through her court appointed counsel.

The district court found Baccam's violation was not willful and declined to hold her in contempt. Instead, the district court set a deadline for Baccam to reapply for a change in the birth certificate and ordered her to file a motion setting forth the information needed to correct the court order to accomplish this task. This was a reasonable approach to solving the problem. We find substantial evidence supports the district court's findings and conclude the district court did not abuse its discretion in dismissing Jensen's application.

We affirm without further opinion. *See* Iowa Ct. R. 21.21(1)(b), (d), (e).

**AFFIRMED.**