# IN THE COURT OF APPEALS OF IOWA

No. 21-1192
Filed April 12, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**TANNER WILLIAM HART,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Christopher L. Bruns,

Judge.

A defendant appeals his conviction for sexual abuse in the third degree.

**APPEAL DISMISSED.**

Allan M. Richards, Tama, for appellant.

Brenna Bird, Attorney General, and Bridget A. Chambers, Assistant

Attorney General, for appellee.

Considered by Tabor, P.J., and Schumacher and Ahlers, JJ.

**TABOR, Presiding Judge.**

A jury convicted Tanner Hart of sexual abuse in the third degree. He now contends the district court should have struck a prospective juror for cause when she revealed a connection to the county attorney's office.[1] Because Hart fails to provide authority in support of his position, we dismiss his appeal.

At Hart's jury trial, the State presented evidence that he sexually assaulted an eighteen-year-old college student in her apartment. But it's the jury selection that Hart challenges on appeal. During individual questioning, prospective juror S.V. told the court that she was acquainted with the county attorney who was trying the case. S.V.'s sister was a long-time friend of the county attorney and was married to one of his assistant county attorneys. When asked if those relationships would affect how she viewed the case, S.V. responded: "I don't think it would." But she told defense counsel that she did not want to be put in the position of deciding the case. Hart then moved to strike her for cause "based on the close family connection to the prosecution." The court denied the motion.

The next day during group voir dire, defense counsel asked S.V. if her association with the county attorney would "tip the scales" in favor of the prosecution's case. She responded:

> I wouldn't think so, but I can't—I can't say for sure. I mean, I know his integrity. I know my sister's integrity. I know my brother-in-law's integrity. I know they do their jobs well so—and I don't know you and I don't know the Defendant so—but I would like to think that I can be fair, but I can't say that.

---

[1] Hart also raises claims of ineffective assistance of counsel. But a statutory amendment—in effect for four years—says we cannot decide them on direct appeal. Iowa Code § 814.7 (2023); *see* 2019 Iowa Acts ch. 140, § 31. Such claims must be raised in the first instance on postconviction review. *State v. Tucker*, 982 N.W.2d 645, 653 (Iowa 2022).

Hearing her equivocate, Hart renewed his motion to strike. The court again denied it. But S.V. did not serve on the jury. Hart exercised a peremptory challenge to exclude her. Following jury selection, defense counsel made a record that, had the court granted his motion to strike S.V. for cause, he would have used that peremptory challenge to remove another juror. But counsel did not ask the court for an additional peremptory strike.

On appeal, Hart argues the district court should have granted his motion to strike S.V. for cause.[2] But his analysis is a single sentence: "At that time the proceeding would have been different, and the calculations of counsel altered for further jury evaluation." And worse than the brevity is the lack of authority in support of his position. His appellate argument includes no citations to case law, or even to the rule of criminal procedure at issue.

The State contends that Hart's failure to support his argument with citations to authority waives his appellate claim. We agree. "Where a defendant on appeal cites no authority in support of errors claimed, we are under no compulsion to entertain the assignment." *See State v. Fiedler*, 152 N.W.2d 236, 239 (Iowa 1967). We can do so as a matter of grace but not when it forces us to step into the role of appellate counsel. *See Hanson v. Harveys Casino Hotel*, 652 N.W.2d 841, 842 (Iowa Ct. App. 2002). "The omissions in this case demand enforcement of our appellate rules." *See Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) (finding that reaching the merits of the case "would require us to

---

[2] The district court had broad discretion in ruling on Hart's motion under Iowa Rule of Criminal Procedure 2.18(5)(k). *See State v. Jonas*, 904 N.W.2d 566, 570–71 (Iowa 2017). We review for an abuse of that discretion. *Id.*

assume a partisan role and undertake the appellant's research and advocacy"). Dismissal is the appropriate remedy. *Id.* at 239.

But even if we were not dismissing the appeal, we would find that Hart cannot show prejudice from the district court's ruling. To show prejudice under *State v. Jonas*, defendants must specifically ask the court for another strike of a particular juror after their peremptory challenges have been exhausted under Iowa Rule of Criminal Procedure 2.18(9). 904 N.W.2d 566, 583 (Iowa 2017). Hart did identify a juror whom he would have removed with a peremptory challenge if he had not been forced to expend one on S.V. But he stopped short of asking for another strike. So the prejudice standard from *State v. Neuendorf* applies. 509 N.W.2d 743, 747 (Iowa 1993) ("Any claim that the jury that did serve in the case was not impartial must be based on matters that appear of record."). Hart cannot show prejudice.

**APPEAL DISMISSED.**